## Farmer v. Commonwealth.

(Decided January 18, 1927.)

## Appeal from Graves Circuit Court.

1. Arson.—Evidence held to support conviction for being accessory before fact to crime of barn burning; testimony of one who burned barn being sufficiently corroborated under Criminal Code of Pratice, section 241.

2. Arson.—Defendant may be convicted of being accessory before fact to crime of barn burning without showing motive, where facts constituting crime and connection of accused therewith are established.

3. Criminal Law.—In prosecution for being accessory before fact to crime of barn burning, letter written to owner of barn, who collected insurance, by defendant four months after barn was burned, intimating that he should be paid for certain unnamed services, held admissible.

THOMAS P. COOK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Farmer, was sentenced by the Graves circuit court to serve a year and a half in the state reformatory on a charge of being accessory before the fact to the crime of barn burning, and he appeals.

A barn located at Water Valley, containing tobacco on which there was insurance, was destroyed by fire in 1923. This barn had been rented that season by Brockman and Hicks, tobacco dealers, and appellant, Farmer, was in their employ and worked at the barn. A large amount of tobacco was lost in the fire and about $10,000.00 insurance collected by Brockman and Hicks from policies covering the tobacco. Appellant, at the suggestion of Brockman and Hicks, prepared the proof of loss required by the fire policy, and after the insurance was collected, asked Brockman and Hicks for a share of it, but this was refused. Ill-will engendered by this refusal soon thereafter was manifest. One Elijah Crass confessed that he burned the barn at the instance of appellant, Farmer, and intimated that Brockman and Hicks also knew something of the origin of the fire. At the trial of appellant,

Farmer, Crass was the principal witness for the commonwealth and testified, in substance, that Farmer talked to him about getting rid of the barn and tobacco in rather an indefinite way for some time before the fire occurred, and finally told him he wanted him to burn the barn and would give him $200.00 to do the job, later but after the fire paying him $10.00 on the contract. The evidence of Crass is direct and certain and makes out a clear case against appellant, but he insists that it is uncorroborated, at least not sufficiently corroborated under section 241 Criminal Code. In this, however, he is mistaken. There are several bits of evidence given by other witnesses which corroborate that of Crass. For instance, appellant took his working clothes from the barn which was afterwards burned and hid them in a store nearby, the night before the fire. He also left town that night and called attention of at least one witness to the fact that he was leaving town and would not be in town that night, apparently for the purpose of establishing an *alibi*. He later made statements indicating he knew how the fire originated. The most damaging corroborating evidence is a letter written by appellant to Brockman and Hicks after they refused to pay him part of the insurance money. While couched in vague and uncertain terms it clearly intimates that appellant should be paid for the performance of services which were unnamed and which had brought them money, and which letter, when read in the light of the surrounding circumstances, appears to refer to the burning of the barn, for it asked that the matter be kept "private."

Appellant also insists that there was no motive shown by the commonwealth for the commission of the crime. It is true that the evidence does not clearly show motive on the part of Farmer for the burning, but the commonwealth shows in a rather vague way that appellant destroyed the original contract under which he was employed by Brockman and Hicks and was making no money in the hope that he could cause the tobacco to be destroyed by fire and thus help his employer collect the insurance money and share largely in the results. This may not have been the motive, or indeed, no real motive may have been shown by the evidence, but none was necessary if the evidence be sufficient to establish the fact that the crime was committed by the accused or by one acting for him and at his instance. Sometimes the motive which prompts the commission of a crime is a secret one,

and the commonwealth is wholly unable to prove its existence. In such case it is not necessary to establish the motive, if the facts which constitute the crime and the connection of the accused therewith are established.

On the first page of appellant's brief, in the statement of the questions involved, it is said, "The trial court permitted incompetent evidence to be introduced by the commonwealth," and cites page 7 of the brief for a discussion. The caption on page 7 reads: "Did the court permit the introduction of incompetent evidence to the prejudice of appellant?" Then the brief proceeds to a discussion of the alleged incompetent evidence, beginning with this sentence: "In all candor we must say that there is not much to complain of the trial court in this case. We think, however, the trial court erred in permitting the letter written by appellant to Brockman and Hicks, of September, 1923, more than four months after the burning of the barn, and believe it was prejudicial to the rights of appellant." We do quite agree with appellant that there is little, if anything, in the ruling of the trial court affecting the introduction of evidence of which he can properly complain. Especially are we unable to see how appellant can insist that a letter written by him concerning the matter under investigation at the trial, and directly bearing upon it, should be excluded from the evidence. If appellant had made a verbal statement about the burning of the barn, tending to show his guilt, it would have been competent against him, and certainly a letter of the same tenor would be competent against him. While the letter is vague and indefinite it tends, so the commonwealth insists, to show that appellant had brought about the burning of the barn and had some secret connection with it, and that he thought he ought to have part of the money collected from the insurance companies as compensation. If read with the burning of the barn in mind one cannot escape the conclusion that the letter related to the burning. Appellant undertakes to explain the letter by saying that he did mean by what was said in the letter that he had instigated the burning of the barn, but only that he had by crooked methods got together the proof of loss required by the policy of fire insurance and this helped Brockman and Hicks collect the money. His theory of the letter was presented to the jury as was also the commonwealth's and, the letter spoke for itself. Certainly it was properly submitted to the jury, even though

it was written some months after the fire but before Crass had confessed the burning; or, that it was established that the barn had been purposely destroyed.

We find no error warranting a reversal of the judgment and it is affirmed.

Judgment affirmed.