## Williams v. Commonwealth.

March 3, 1939.

J. L. VALLANDINGHAM, Judge.

228

J. W. CAMMACK, SR., and T. A. PERRY for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

Section 1155 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes creates different grades of crimes committed by the participating parties for engaging in mutual sexual intercourse, even with the consent of the female. Subsection (2) of that section prescribes: "When such child is of the age of twelve years and under the age of sixteen years," the offending male shall be punished by "imprisonment in the State Penitentiary for not less than five years nor more than twenty years."

The grand jury of Owen county indicted the appel-

lant, Luther Williams, in which he was accused of committing the offense denounced in that subsection with one Irma Smith, who at the time was over 12 years of age, and under 16 years of age, but who consented to the intercourse. At his trial he was convicted and punished by confinement in the penitentiary for 5 years. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal, urging through his counsel 4 grounds for reversal, which are: (1) Error of the court in not requiring the commonwealth to elect or designate, before the beginning of the trial, the specific date upon which the charged offense was committed; (2) the admission of incompetent evidence offered by the commonwealth over defendant's objection; (3) rejection of competent evidence offered by defendant, and (4) erroneous and defective instructions—each of which will be disposed of in the order named.

1. Defendant moved the court to require the commonwealth to elect and specify the day of the month on which the first violation of the statute occurred, which was in June, 1937, slightly more than seven months before the prosecutrix became 16 years of age, which birthday was February 12, 1938. The commonwealth's attorney in response to that motion stated that he could not fix the exact date but it was within the month of June of the previous year, 1937. At the trial the prosecutrix testified that the first act of intercourse between her and the appellant was at some point off the Mint Spring road, and which was near the first of June—the exact date witness was unable to give. She stated that following that time—covering a period of about three months and up to about September 1 of the same year—they frequently engaged in other like acts at different places in the neighborhood while out driving in defendant's automobile, but she did not specifically state that any of the latter acts were in the month of June. After she had so testified the court on its own motion admonished the jury thus: "Now, Gentlemen, let me admonish you that all this testimony about other acts outside of the act she testified about there the first of June, should not be considered by you as substantive, except for the purpose of determining the relationship between this girl and the man. He is not being tried for these other offenses, if there were any other offenses, but you may consider them in determining the relation of the act complained of and for no other pur-

pose." It was also shown in evidence that the prosecutrix and a sister about two years her senior, with her father, D. H. Smith, constituted the entire membership of the household where they lived on a farm in Owen County—the mother having died about two years before the occurrences involved.

It is said in Section 1802 of the second edition of Robertson's New Kentucky Criminal Law and Procedure that: "In prosecutions for sexual crimes, such as incest, adultery, fornication, and sexual intercourse with girls under the age of consent, it is competent to introduce evidence of both prior and subsequent acts of a similar nature with the same person, in corroboration or explanation of the act in question, or for the purpose of showing the relation and mutual disposition of the parties, or guilty knowledge or intent on the part of the accused, 'because such acts as these are the concurrent acts of two persons of opposite sex, and the evidence of such corroborative acts tends necessarily to show the design of the accused, and his disposition to indulge his criminal desires as opportunity may offer.' And on the trial for carnally knowing a girl under the age of consent, evidence as to subsequent acts of intercourse after she passes that age is admissible." Numerous domestic cases and some foreign ones are cited in the notes to that text in substantiation thereof—some of the domestic ones being Newsom v. Commonwealth, 145 Ky. 627, 140 S. W. 1042; Smith v. Commonwealth, 109 Ky. 685, 60 S. W. 531, 22 Ky. Law Rep. 1349; McCreary v. Commonwealth, 158 Ky. 612, 165 S. W. 981, same case in 163 Ky. 206, 173 S. W. 351, there being others referred to in those opinions.

They all announce the rule that the prosecution should be confined to one of the violations of the statute enumerated when there is more than one appearing in the testimony, and that is exactly what the court did in this case in its inserted admonition to the jury, and which had the effect to limit defendant's guilt or innocence of the charge preferred by the prosecuting witness as occurring on Mint Spring road, which she said was the first occasion of the statutory violation. We, therefore, can find no basis for sustaining ground (1).

2. Ground (2) is of less weight than ground (1), even to the extent of itself being groundless. The only alleged incompetent evidence referred to in briefs as sustaining this ground is that by which the common-

wealth developed by the examination of tne prosecutrix just how the first violation of the statute was performed—whether in or out of the car—with some other immaterial details, none of which possessed any materiality whatever except possibly testing the credibility of the witness, if she had described the transaction to have occurred in an incredible manner, but which she did not do, but stated that the parties retired from the car to a place off the road where the forbidden act was performed. There is, therefore, no merit whatever in this contention.

3. The only argument in briefs in support of ground (3) is the alleged error of the court in rejecting testimony offered by defendant to prove the unchastity of the elder sister of the prosecutrix, and to show that at the time of this trial she was then unmarried and confined in a lying-in hospital in Lexington, Kentucky, expecting to become the mother of an illegitimate child. No case from any court is cited in support of this alleged error, and we surmise that there are none in existence for the two manifest reasons that (a) the moral character of the sister of the prosecutrix was and is wholly foreign to the issue being investigated, and wholly immaterial to the inquiry, and (b) that if its introduction could be considered as affecting the chastity of the prosecutrix it would still be immaterial, since that fact, if true, would serve only to prove her consent to engage in the act with the defendant, to which consent she not only testified, but the statute creating the offense—for which defendant was accused and being tried—expressly inhibits the act with a female of the age of prosecutrix at the time even with her consent. Therefore, the crime is complete if committed with such consent, although the prosecutrix might be a notorious prostitute. However, there is nothing in this record to show any such immoral acts on the part of the prosecutrix up to the time that she testified the first one with defendant took place. There is, therefore, no merit in this ground.

4. No complaint or criticism is made of any instruction except the court did not confine the commission of the act therein to a specified day in June of the year when the first violation with the defendant was committed. However, it will be observed that the court only a short while previous to the submission of the case to the jury (for the entire evidence in this case was short) had admonished it that the prosecution would be con-

fined to the first act testified to by the prosecutrix, and we are authorized to presume that the jury was composed of members sufficiently intelligent to remember that admonition and to observe it in considering the testimony, and in making its verdict. The day has passed when members of a jury are considered and looked upon by the law as automatons or dumb blockheads, and when a record in its entirety presents a case containing no error that would be calculated to mislead a person of ordinary intelligence, or to cause a juryman to arrive at a verdict different from the one returned, then the case is brought squarely within the statutory provisions relating to the practice, among which is Section 340 of our Criminal Code of Practice, which prescribes that a judgment of conviction shall not be reversed for any error unless this court "is satisfied that the substantial rights of the defendant have been prejudiced thereby." The jury in this case was specifically told to confine its consideration to only the first violation in which the parties engaged and to which the prosecutrix testified, and which was the only specific day in June—or in fact any other positive day, that it was repeated in that month, although it might be inferred that other similar violations were committed on later days of that month.

The defendant testified that he was 25 years of age, a widower with a child two years of age; that he never met the prosecutrix until the latter part of May, 1937, and he was carried there by one Gilbert Smith, who appears to have been courting the elder sister; and that he made some other visits thereafter and met the prosecutrix—going to different places with her during the periods testified to by her—but that he had at no time had intercourse with her. Neither was he at any time her sweetheart, and he puts forward no reason for his continued visitations of her. On the contrary, his descriptions of his meetings with her are more or less designing in their nature, and to that extent corroborative of the testimony of the prosecutrix. But, however that may be, the jury accepted the testimony of the prosecutrix. They saw and, perhaps, were acquainted with her, as well as with the defendant, and observed their deportment upon the witness stand and came to the conclusion that defendant beyond a reasonable doubt was guilty of the accusation against him. The rule is firmly settled that in such circumstances a reviewing court is unauthorized to disturb the verdict of convic-

tion on the ground of its not being supported by the testimony. We are, therefore, unauthorized to so conclude, though so urged by counsel for appellant, as well as relied on as one of the grounds in the motion for a new trial.

Perceiving no error prejudicial to the defendant's substantial rights, the judgment is affirmed.