## Majors v. Commonwealth.

November 16, 1948.

Meredith, Iler & Logan for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Alva Majors, the appellant, was adjudged guilty of detaining with carnal intent and against her will one Irene Majors, his own daughter. The punishment was fixed at seven years in the penitentiary. He appeals.

As grouds of reversal, Majors asserts that (1) evidence relating to other offenses was admitted upon this trial and that (2) improper argument of the Commonwealth's Attorney to the jury was permitted.

Majors, a poor and unlettered coal miner, lived in a small house in a mining town with his two motherless daughters. The older daughter was Irene, age fourteen. She related on this trial that upon several occasions her father had held her and had made improper suggestions as to his purpose and intent upon her body. The last

one occurred on a Thursday afternoon in May of 1947 at their home and while the father was in a drinking or drunken condition. This last incident caused her to weep and to leave home with her sister and to go to the haven of a neighbor's home. The sister, whom the father had sent on an errand at the time of this incident, related that she had found Irene weeping upon returning from this errand; that she had heard Irene accuse their father of this wrong; that she had then heard their father admit its occurrence. The neighbor, in whose home they had taken refuge, related that these girls, scared and tearful, had come to her place on that Thursday evening because of this trouble in their own home. Thus, we find Irene was supported in the grave accusation she made against her own father. Some additional evidence in the case also tended to furnish her with similar support.

■ Majors contends that it was prejudicial error for the trial court to admit evidence on this trial relating to other asserted occasions of his similar misconduct against this same child. We must disagree. We have held that in prosecutions for sex crimes, such as that of intercourse with girls under age of consent, it is competent to admit evidence of prior and subsequent acts of similar nature with the same person in order to corroborate the act in question or to show a design, disposition or intent on the part of the accused. See Tuttle v. Commonwealth, 287 Ky. 371, 153 S. W. 2d 931. This principle seems to fit our instant case almost like green bark fits on a young tree, and so we now apply the principle here and hold that the admission of the evidence, objected to by Majors, was not a thing of error.

■ Majors further contends that the Commonwealth's Attorney made improper argument to the jury upon this trial. But we perceive that the objectionable argument was summarized only in appellant's motion and grounds for a new trial. It was not mentioned at all in the certified bill of exceptions. Now, a motion and grounds for a new trial is a *contention*, but an official bill of exceptions is a *finding*. The one is partisan, the speech of a party; while the other is judicial, the speech of a court. If we may accept one contention, e. g., that improper argument was made, contained in a motion and grounds for a new trial, we may equally well accept all contentions, e. g., that certain instructions were given

and so forth, that may be contained therein. Such would lead to chaos. Only when a criticized argument is brought before us by an authenticated bill of exceptions can we look into its fundamental merits. Any other attitude on our part would be unfair to the opposition in the case. See Hall and Little v. Commonwealth, 196 Ky. 167, 244 S. W. 425. Therefore, we can neither consider nor determine the second ground for reversal projected by Majors on this appeal.

It might well be wished that no member of the human race would ever sink to the level of the sin of appellant's present accusation. Yet, we know such sin has been, is and will be, and so long as it continues to be an *is*, the judiciary must, if the guilt be fairly proven, help make the way of its transgressor hard, even while yet yearning after his ultimate redemption from such a depravity.

The judgment is affirmed.