## KEITH v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Lawrence S. Hail, Somerset, R. B. Bertram, Monticello, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Claudie Keith, has been convicted of incest and sentenced to 5 years in the penitentiary. He relies chiefly upon two grounds for reversal: (1) Admission of incompetent and prejudicial evidence, and (2) erroneous instructions.

Appellant was found guilty of having had sexual intercourse with his 15-year old daughter, Gladys Keith. Her evidence was sufficient to sustain the conviction. However, during the trial the Commonwealth was permitted, over appellant's objections, to introduce another daughter of appellant, Della Mae Keith, age 18, and prove by her that about 3 years prior to appellant's alleged offense against Gladys, on two occasions, her father attempted to have intercourse with her.

■ We regard this testimony of Della Mae Keith to be incompetent and prejudicial to the substantial rights of the appellant. In Keene v. Commonwealth, 307 Ky. 308, 210 S.W.2d 926, 928, this Court, in reversing a conviction for rape, said:

"It is a fundamental principle of English and American jurisprudence that a citizen shall be tried for one offense at a time. Therefore evidence which shows or tends to show that the defendant is guilty of the commission of other crimes or offenses at other times, even though they are of the same nature, is not admissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with it. Certain exceptions to that rule of exclusion and a wider latitude is allowed upon questions of identification where that is the sole issue. Jenkins v. Commonwealth, 167 Ky. 544, 180 S.W. 961, 3 A.L.R. 1522."

Roberson's New Kentucky Criminal Law and Procedure, Second Edition, Section 1793, and cases cited. Other authorities are in accord that similar assaults on third persons cannot be shown unless some connection between the offenses is established. 22 C.J.S., Criminal Law, § 691, page 1168; Wharton's Criminal Evidence, Sections 348, 350, 356; Am.Jur., Volume 27, Incest, Section 15, page 297.

■ The court's admonition to the jury that the evidence of Della Mae Keith was to be considered only insofar as it might show "a course of conduct" and "a disposition or unnatural lust" on the part of appellant for the purpose of corroborating the prosecuting witness did not make this evidence competent nor cure its prejudicial effect.

■ To avoid misapplication of our decision, we desire to make it clear that the testimony of Gladys Keith that appellant committed other assaults upon her was admissible. In this kind of a case assaults of the same kind on the same person by the accused are competent. Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131; Roberson's New Criminal Law and Procedure, Second Edition, Section 1802; 22 C.J.S., Criminal Law, § 691, page 1169.

■ The criticism of the instructions is that the court permitted the jury to find the appellant guilty if the jury believed that appellant committed any one of the

852

acts of sexual intercourse testified to by prosecutrix. The record reveals that the Commonwealth elected to try appellant on the last act of sexual intercourse which prosecutrix stated occurred sometime in the month of November, 1951. Prior to the submission of the case the court admonished the jury that appellant was being tried only for the offense which prosecutrix testified was committed in November, 1951. This admonition was sufficient and there was no need to repeat it in the instructions. Williams v. Commonwealth, 277 Ky. 227, 126 S.W.2d 131.

The judgment is reversed with directions to grant appellant a new trial.