**Charles GLASSCOCK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

George R. Ambro, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant was sentenced to imprisonment for a period of fifteen years upon conviction of carnally knowing a female in violation of KRS 435.100(1) (b). He contends that the judgment should be reversed because the trial court improperly, and to his prejudice, admitted into the evidence a letter written by him to the prosecuting witness after his arrest. He further complains that prosecutor's closing argument was improper and prejudicial.

The letter reads as follows:

"September 21, 1956

"I get so lonesome for you that I wish I could die. *And I did it all because I love you so much.* Honey, I hope you will help me get out. It all depends on what you say when you get on the stand to testify against me. And you are the only one that can clear me. I guess that you know what they are trying to prove and if you don't help they will, and I will get about ten years in the pen and that is not good. Do you still have the money that I gave you to keep for us? I sure hope so for I need some of it now. Honey, if only I could talk to you I think everything would be O.K., for I know if you love me like you said you did that you will do everything to help me out and if you never did love me I will know it. *I go to Court * * * do you remember what you told me the day I came to jail that no matter what happened you would not tell them anything.* Darling what did your mother and daddy say when you came home? Darling, some day I will be out and I hope that you wait for me like you said you would. *I guess I will lose my cars and everything clothes and all. But just to see you happy for a few days it was worth it, honey.* Do you think you could come down here Wednesday afternoon and see me * * * it's very important and that you are from out of town they will let you talk to me * * * Do you think you can leave school that afternoon? And honey, when you come bring half the money I gave you for I had to get a lawyer and he cost me quite a lot of money. Honey, if you can't come Wednesday, come Thursday. Please write and let me know for I need to hear from you. So don't tell anyone that I wrote to you. So answer real soon. P.S. Here is my address, 514 West Liberty, Love always, Charles. I love you very much." (Emphasis ours.)

Appellant contends that the letter is not a part of the res gestae, that it is not a statement against interest and that it is consequently inadmissible. To this we do not adhere. It is proven that the girl was not yet thirteen, that she lived with accused for a few days in an apartment. She testified of her illicit relationship with him both at her home and in the apartment. The letter, coupled with this type of testimony, without doubt constitutes a statement against interest and is admissible. In Ratliff v. Commonwealth, 182 Ky. 246, 206 S.W. 497, 501, we said:

"Statements by the accused, although they do not amount to a confession, but from which an inference of guilt may be drawn, when considered in connection with other circumstances proven, are admissible against an accused, if freely and voluntarily made. 12 Cyc. 418; Jackson v. Commonwealth, 100 Ky. 239, 38 S.W. 422, 1091, 66 Am.St. Rep. 336; Wright v. Commonwealth, 155 Ky. 750, 160 S.W. 476."

Written statements are governed by the same rules of admissibility as oral statements. Farmer v. Commonwealth, 219 Ky. 28, 292 S.W. 484.

Appellant complains of the court's admonition to the jury upon the introduc-

**190**

tion of the letter. It being admissible as substantive testimony no admonition was necessary. The admonition limited the purpose for which the jury might use the testimony and, though unwarranted, was favorable to accused and he could not complain.

 Appellant further complains that the argument of prosecuting counsel was improper and prejudicial. The record fails to disclose that he made any objection at the time and he will not be heard to complain on appeal. Magruder v. Commonwealth, Ky., 281 S.W.2d 716.

The judgment is affirmed.