**George T. YOUNG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 22, 1960.

Rehearing Denied June 24, 1960.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

BIRD, Judge.

It is charged that George T. Young violated the provisions of KRS 435.105 by indecent and immoral acts committed upon the body of a female child under the age of fifteen years. Upon conviction his punishment was fixed at confinement in the penitentiary for a period of ten years. He seeks a reversal of that judgment upon divers grounds.

The Commonwealth was permitted over his objection to show other assaults of the same nature committed with and upon the same child. It is contended that this was prejudicial error. However, we hold that in sex crimes such evidence is competent for the purpose of corroboration and to show design, disposition or intent on the part of the accused. Majors v. Commonwealth, 308 Ky. 520, 215 S.W.2d 118; Keith v. Commonwealth, Ky., 251 S.W.2d 850.

Upon admitting this evidence the court made the following statement in the presence of the jury:

"I am going to admit that for the purpose of showing the pattern—it does show a pattern, even though we are

trying one particular offense. Objection overruled. I will allow the admission of that as it leads up to the particular act, but the instructions will be confined to the one case we are trying today. You understand that."

Appellant complains that this statement was prejudicial. The record, however discloses no objection to it. Nothing was done at the time to save the question and we will therefore not consider it on appeal. Warren v. Commonwealth, Ky., 256 S.W.2d 368; Ramsey v. Commonwealth, Ky., 267 S. W.2d 730.

■ He complains further that the trial court failed to admonish the jury concerning the purpose for which this evidence was competent. The same complaint is made concerning other testimony offered by the Commonwealth or elicited by it upon cross-examination. We hold, however, that the right to such admonition is waived if no request is made for it. Patton v. Commonwealth, Ky., 273 S.W.2d 841. No request being made appellant waived his right to the admonition and no error resulted.

■ It is contended that the Commonwealth failed to make a case because of its failure to prove that the girl was under fifteen years of age in January, 1954, the date of the offense elected by the Commonwealth for prosecution. Her testimony is as follows:

"Q. Let me direct your attention now to the month of January, 1954, and let me ask you to tell the jury how old you were in that month of January, 1954. A. 15.

"Q. When is your 15th Birthday? A. March 24.

"Q. How old would you have been in January, 1954? A. 14.

It appears to us that the jury could from this evidence conclude that the girl was less than fifteen years of age at the time.

■ Appellant complains that the prosecuting attorney committed prejudicial errors in his closing argument to the jury. The record discloses that objection was made at the time to only one statement by the prosecuting attorney. Other statements about which he complains will not be considered. Glasscock v. Commonwealth, Ky., 307 S.W.2d 188.

■ Appellant objected to the following statement:

"* * * Now counsel says to you and I think certainly it is a question that must be in your mind how is it that this girl comes in here, four years later, with this accusation. Counsel asks you that question and I think the Court will permit me to say this, the Commonwealth was not permitted to give you that answer. The Commonwealth was not permitted to tell you why she waited four years. There is evidence before you, however, that things took place completely independent of this girl and, after they did take place she came forward and made her statement; that is why four years elapsed. You are just going to have to surmise why the four years passed. * * *"

The record does disclose that four years elapsed before the girl made the charge. The record shows that her husband and the accused had had trouble which ended in a fight prior to the time of the indictment. It is our opinion that the record justified the statement and, if it did not, we do not consider the statement so inflammatory as to be prejudicial.

Having examined the record we find no reversible error and the judgment is therefore affirmed.

The trial record persuades us to explain that defense counsel named in this opinion did not participate in the trial.