**Thomas Charles MESSMEAR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

Henry L. Rosenthal, Jr., Winchester, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Thomas Charles Messmear was found guilty by a jury of violation of KRS 436.-060 (incest). Indictment was in three counts, charging that the defendant had carnal knowledge of his own child, Patricia M. Bailey, knowing that he was her father, on or about May 2, May 23, and August 11, 1970. The jury fixed his penalty at imprisonment for five years on each of the counts. On this appeal Messmear presents two claims of error, asserting that (1) incompetent evidence was admitted, and (2) the Commonwealth's attorney made improper argument.

The prosecutrix, now married to Alvin Bailey, was born August 30, 1953, and was unmarried at the time of the alleged offenses. She testified that her father had sexual relations with her on three separate occasions on or about the dates mentioned in the indictment. He denied it. It is not contended that a jury issue was not created on the strength of the evidence presented by the prosecutrix.

The first assertion of error pertains to the following questions and answers appearing in the direct examination of the prosecutrix:

"D42 About what age were you when you first can remember? About how old were you?

A Four or four and a half.

D43 Patricia, I want you to tell the jury when you can first remember anything about the defendant doing anything to you or with you of an unusual nature. About when do you recall that?

MR. ROSENTHAL: Your Honor, I object.

THE COURT: Overruled.

D44 About how old were you at this time when these events started?

A Four or four and a half.

D45 I want you to tell the jury in your own words what the defendant began doing at this time. What would he do to you or with you?

A He played with me and he made me play with him.

D46 When you say he played with you, do you mean he played with your private parts?

A Yes.

D47 And when you say he wanted you to play with him, do you mean you played with his private parts?

A Yes.

D48 His sex organ?

A Yes.

D49 Do you recall doing that?

A Yes.

D50 Patricia, about how long did this type of activity continue?

A Until he left us.

D51 Until he left you; and about how old were you when he left you?

A Six."

It will be observed that the prosecutrix referred to the time when her father left the family. It was brought out by the appellant himself that the reason he left his family at that time was because he had been convicted of a felony and sentenced to the penitentiary. The argument of the appellant respecting the inadmissibility of the evidence just quoted is thus expressed in his brief:

"It is prejudicial error to allow testimony by a minor witness evidencing unsimilar, unproven and uncomplained of

charges which allegedly occurred over twelve years ago prior to trial on unrelated incidents because such evidence is too remote in time and has no probative value except to arouse the passions and prejudice of the jury."

The appellant concedes that the law recognizes an exception to the general rule forbidding testimony of other criminal activities, so that in prosecution for sex crimes evidence of other sex activities of the same nature committed with and upon the same person is competent. The following citations support that proposition: Roberson's New Kentucky Criminal Law, Section 1802; Browning v. Commonwealth, Ky., 351 S. W.2d 499; Young v. Commonwealth, Ky., 335 S.W.2d 949; and Keith v. Commonwealth, Ky., 251 S.W.2d 850.

The appellant contends that the exception which permits evidence in certain sex offenses is inapplicable here for two reasons. First, contends the appellant, the acts which the prosecutrix said were performed by appellant some ten to twelve years earlier did not constitute incest and did not reflect sexual intercourse. Hence, reasons the appellant, such testimony cannot qualify as an exception to the general rule. The second reason advanced by the appellant in support of his contention that the evidence was inadmissible was its remoteness in point of time. He argues that the claimed early improprieties of which his daughter accused him were completely discontinued for at least ten years, and thus those activities have no probative value as tending to demonstrate a lustful or incestuous disposition of the appellant for the prosecutrix.

The Commonwealth states in its brief that in usual circumstances it would agree that the alleged early mistreatment of the prosecutrix by appellant would be too remote, but points out that the hiatus in the activity was brought about by reason of the enforced separation occasioned by appellant's imprisonment. The Commonwealth cites People v. Hall, 25 Cal.App.2d 336, 77 P.2d 244 (1958), in which it was held that

evidence concerning an act of intercourse some eight years before the date of the prime offense was not too remote. The court noted that the question of remoteness goes to the weight rather than to the competency of the testimony. It should be said that in the Hall case the father undertook to explain the eight-year-old affair between him and his daughter on the basis of his attempting to show her how she could protect herself against sexual assault. In the present case the appellant denied that he had ever mistreated the prosecutrix. He stated that his parents lived with his family during the years in which the prosecutrix claimed he had mistreated her as a tiny child and he would have brought them to testify had he known that his daughter would make such an accusation.

Upon cross-examination the Commonwealth's attorney pointed out that several weeks had elapsed between the indictment and the day of trial and intimated that the appellant should have anticipated what his daughter would say and have his witnesses present to refute it. The trial judge intervened and pointed out that the appellant had sought to explain that he had no notice that any such charges would be made and that that was the reason he did not have his parents present to testify.

■ Running throughout the decisions which permit the introduction of evidence concerning other activities in sex cases tending to indicate an affinity or lustful desire or incestuous disposition is the corollary rule that the trial court should admonish the jury that such evidence can be considered only for the purpose of corroborating the testimony as to the principal offense. See Smith v. Commonwealth, 109 Ky. 685, 60 S.W. 531; Keith v. Commonwealth, Ky., 251 S.W.2d 850; Young v. Commonwealth, Ky., 335 S.W.2d 949; and Browning v. Commonwealth, Ky., 351 S.W. 2d 499. In this case no such admonition was requested, and the matter was not brought to the trial court's attention until the motion and grounds for new trial were presented. This was too late. See Young

v. Commonwealth, Ky., 335 S.W.2d 949, in which it was held that the right to such admonition is waived if no request is made for it.

■ The court is of the view that it was appropriate to receive the evidence of the alleged improper activities by the appellant toward his infant child as tending to prove a lustful and incestuous disposition on his part. An admonition as to the effect and purpose of that evidence doubtless would have been given by the trial judge if it had been requested.

As mentioned, the appellant first injected into the evidence the fact that he had been convicted of a felony. The trial court learned in chambers that the felony of which the appellant had been convicted was carnal knowledge of his stepdaughter. The trial court refused to permit that fact to be made known to the jury perceiving that the rule announced in Cotton v. Commonwealth, Ky., 454 S.W.2d 698, would have precluded any reference to that conviction. In his closing argument the Commonwealth's attorney stated:

"So we have these four or five children, abusing this Patricia at an early age, and then along in 1960, when Patricia was around seven years of age, this is when he separates from them, on a commission of a felony. Now you are not supposed to consider the commission of a felony as any evidence that he had committed this crime. I don't want you to do that. I don't want you to think about that. But you know, when we go over here to—Kentuckians are great horse people, aren't they? They raise horses.

MR. ROSENTHAL: Your Honor, I object.

MR. WALTERS: And you know, when people bet on horses, they look at the horses' track records, don't they?

MR. ROSENTHAL: I object.

THE COURT: Overruled.

MR. WALTERS: They look at a horse's track record. Why? Because—

MR. ROSENTHAL: I object.

MR. WALTERS: Because they know that what a horse has done in the past—

MR. ROSENTHAL: I object, Your Honor.

MR. WALTERS: Has some bearing on the future.

THE COURT: Overruled.

MR. WALTERS: Now I don't want you to consider that evidence, for purposes that he committed the crime, but it has something to do, the reason that it was introduced is because it has something to do with his truthfulness, with his truthfulness, and on that I think it has a bearing. The Court has ruled out in this trial evidence of anything having to do with those other children.

MR. ROSENTHAL: I object.

THE COURT: Well, sustained on that.

MR. WALTERS: You can just imagine when this little girl was young—

THE COURT: All right, just a minute, Mr. Walters. The jury is admonished anything the Court has ruled out is ruled out because of fixed and stable rules of evidence, and for good reason, and you shouldn't consider anything that the Court has told you not to. You shouldn't give any consideration whatever to any fact that's been alluded to that has been ruled out."

Further in the argument, the prosecuting attorney said to the jury:

"If you have never done anything in your life I want you to consider this evidence in this case. The Court has ruled out a lot of evidence in this case that is extremely serious.

MR. ROSENTHAL: I object.

THE COURT: I want to caution the jury that the Court hasn't ruled out any

evidence that should have been permitted on the trial of this case, and you try this case, again I admonish you, on the evidence that you have."

In the closing portion of his argument, the prosecuting attorney, in reference to the appellant's admission of being a convicted felon, said to the jury:

"And it goes to whether he is telling the truth. When you go back there, I want you to consider his track record.

MR. ROSENTHAL: Objection.

THE COURT: Overruled.

MR. WALTERS: Consider his track record."

Another phase of the closing argument to which objection was made contained this language:

"You should bear in mind that if we haven't introduced enough evidence here to where you can say this man is guilty you wouldn't have this case right now. The judge would have withdrawn this case from your consideration.

MR. ROSENTHAL: I object, Your Honor.

THE COURT: What are your grounds for the objection? He has introduced enough—I heard him say that. Well, come up here, gentlemen. (At this point there was a conference at the bench among the Court and the attorneys, out of the hearing of the jury.)

THE COURT: Ladies and gentlemen, as I explained to you when your service as jurors commenced, it is for you to make the factual determinations and to apply the law to them. It is for you to determine the facts. You bear that in mind, and proceed from there, Mr. Walters.

MR. WALTERS: As I was saying, if we had not produced—

THE COURT: Well, don't go into that."

As recently as Rupard v. Commonwealth, Ky., decided October 29, 1971, the same argument suggesting that the trial judge had already ruled that there was enough evidence to convict was condemned but not considered sufficiently prejudicial to require reversal. Reference was had there to Martin v. Commonwealth, 255 Ky. 529, 75 S.W.2d 13, in which a similar argument had been condemned. The court condemns this type argument again, as it has no place in the trial. Since the judgment is being reversed on other grounds, it is unnecessary to determine whether this phase of the argument alone would warrant reversal. It surely will not recur.

It was made plain in Cotton v. Commonwealth, Ky., 454 S.W.2d 698, and in Cowan v. Commonwealth, Ky., 407 S.W.2d 695, and in a line of cases preceding them that the only purpose of permitting evidence of prior conviction of felony is for impeachment. CR 43.07. In no circumstance is it proper for the prosecutor to equate a prior felony conviction with a "track record." Although the prosecuting attorney told the jury that the prior conviction had to do only with the question of veracity, in almost the same breath he insisted that the prior conviction was equatable with a "track record" and pointedly argued that it was reasonable to suppose that appellant had committed incest in 1970 because that was in keeping with his "track record" of having committed an earlier felony. This was error and prejudicial error, requiring a new trial.

The judgment is reversed for proceedings consistent with the opinion.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., OSBORNE, PALMORE, REED, and STEINFELD, JJ., concur.

NEIKIRK, J., dissents, stating: "The Commonwealth's argument concerning the 'track record' of the appellant in my opinion was not prejudicial."