Irvin THACKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–CA–535–MR.

Court of Appeals of Kentucky.

Oct. 4, 1991.

Francis D. Burke, Pikesville, for appellant.

Frederic J. Cowan, Atty. Gen., R. Levertis Bell, Sr., Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, HUDDLESTON and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a judgment sentencing the appellant to 10 years' imprisonment for incest.

The only argument presented on appeal is that the trial court committed reversible error when it permitted two older married sisters of the victim to testify that their father, the appellant, had touched them "in a sexual way" on numerous occasions when they were younger and lived at home with their parents. The appellant maintains that this testimony was improperly admitted under Kentucky case law because the "evidence was too remote in time and inadmissible to show intent, motive or common plan primarily because there was no testimony as to incest...."

■ We begin with the general proposition that evidence of a defendant's commission of criminal acts, other than that for which he is being tried, is not admissible in the courts of this Commonwealth unless the other acts are relevant for some purpose other than to prove the criminal disposition of the accused. *See Drumm v. Com-*

*monwealth,* Ky., 783 S.W.2d 380 (1990); R. Lawson, *The Kentucky Evidence Law Handbook* § 2.20 (2d ed. 1984). Such evidence is admissible if it is relevant to prove such things as the defendant's intent, knowledge, motive, or identity, or that the commission of the crime being tried is part of an overall plan or scheme. *See id.*

■ While the general rule has been held to obtain in cases involving sexual crimes such as we have here, *see Keith v. Commonwealth,* Ky., 251 S.W.2d 850 (1952), an exception has long been recognized. Evidence of prior sexual acts between the victim and the defendant, even if criminal, may be admitted. *See Keeton v. Commonwealth,* Ky., 459 S.W.2d 612 (1970). Such evidence is deemed corroborative of the evidence of the offense being tried as it tends to "indicate an affinity or lustful desire or incestuous disposition" toward the particular victim. *Messmear v. Commonwealth,* Ky., 472 S.W.2d 682, 684 (1971); *see also Smith v. Commonwealth,* 109 Ky. 685, 60 S.W. 531 (1901).

For a period of time this exception was broadened, at least in cases involving sexual crimes against children, to permit the admission of evidence of prior similar acts of sexual misconduct with other children to show the "lustful inclination" of the defendant. *See Russell v. Commonwealth,* Ky., 482 S.W.2d 584 (1972), *overruled, Pendleton v. Commonwealth,* Ky., 685 S.W.2d 549 (1985); *Warner v. Commonwealth,* Ky., 621 S.W.2d 22 (1981). One of the obvious problems this broadening created was that where there had been no conviction of the prior acts of misconduct, a criminal defendant nevertheless would have to defend himself against charges of prior criminal conduct made by third parties to the case being tried with the danger that the jury might punish him for these prior acts even if it were unsure of his guilt on the charge before them.

Our Supreme Court ostensibly retreated from this position in *Pendleton v. Commonwealth,* Ky., 685 S.W.2d 549 (1985), holding that no evidence is admissible to show lustful inclination in the accused and

that evidence of prior sexual crimes committed by the accused is admissible in accordance with "the same standards that are provided for other crimes, that is, a pattern of activity, common plan or motive and scheme." *Id.* at 552. In that case a father was charged with raping and sodomizing his six-year-old daughter. The victim's 14–year-old-sister was permitted to testify that their father had sexually abused her over a period of six or seven years although there had been no actual intercourse. While recognizing that the rule allowing evidence of other crimes must be strictly construed, the court went on to hold that this evidence was properly admitted "not to show lustful inclination, but to show motive, common pattern scheme or plan, or common modus operandi." *Id.* The court further noted that the acts performed on the victim's older sister were similar in nature to those performed on the victim and showed a "method of operation of sexual activity" with the defendant's daughters and indicated a common and continuing pattern of conduct on his part.

In *Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988), the defendant was convicted of five counts of the sexual abuse of four boys. At trial the prosecution produced testimony from a 22–year–old man that he had been anally raped by the defendant five years before the alleged sexual abuse of the four boys and testimony from a fifth boy of two other sexual acts committed with him by the defendant. Our highest court found that the testimony of these two witnesses was properly heard by the jury because the events about which they gave evidence were "not too remote or too dissimilar to the charges being tried to show a common plan." *Id.* at 862. The court was also persuaded that the facts that the victims were all young boys with whom the defendant managed to be alone in bedrooms dressed only in his underwear with all but one of them so dressed, and that he then tickled and wrestled with the children before sexual contact, established "such similarity between the charged and uncharged crimes as to show a pattern of conduct which renders evidence of the oc-

currence of the uncharged crimes admissible." *Id.*

As can be seen in *Pendleton* and *Anastasi*, the Supreme Court has used the familiar canon of the rule permitting the admission of evidence of other crimes but has applied the rule in an unusual manner. In neither of these cases was the identity of the perpetrator in issue so that proof of an unusual or distinctive method of operation or modus operandi was relevant to prove his identity. *See, e.g., Adcock v. Commonwealth*, Ky., 702 S.W.2d 440 (1986). Likewise, the evidence would not seem to be relevant to show the motive of the perpetrator in the sense of establishing what he was attempting to accomplish by, or his reason for, such conduct as, for example, where evidence of a prior crime is introduced to show the present crime was committed to cover up a prior one. It is also clear there was no issue that either perpetrator had acted with an innocent intent. *See, e.g., Bussey v. Commonwealth*, Ky., 697 S.W.2d 139 (1985).

In both *Pendleton* and *Anastasi*, the court spoke of a "common plan" or "scheme," although the evidence in question does not seem to have fallen within this concept as it has been customarily employed. The evidence of prior misconduct showed the doing of similar acts in the past, but did not show "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." 2 J. Wigmore, *Evidence in Trials at Common Law* § 304 (Chadbourn rev. 1979). *See also Lee v. Commonwealth*, Ky., 242 S.W.2d 984 (1951); *Jones v. Commonwealth*, Ky., 554 S.W.2d 363 (1977). In truth, the only way in which the prior acts were related to the charged acts is that they were similar acts which might indicate a disposition or inclination to engage in certain kinds of sexual behavior. In this sense it might be said that the evidence was probative of a plan or scheme to satisfy the disposition or inclination. Of course, this could equally be said of a persistent felony offender and that his past crimes should be admissible to show his disposition or inclination to com-

mit crime and to prove that the crime charged was part of a plan to satisfy that inclination or disposition.

In *Pendleton* and *Anastasi*, the court also indicated that the evidence was admissible to show a "pattern of conduct." As we have discussed, a pattern of conduct was not relevant in these cases to show either a modus operandi, or a plan, scheme or design of which the charged acts were a part but a pattern of conduct such as was shown might indicate the actors' disposition or inclination, or, maybe, even a compulsion to engage in such acts.

■ Something more than a procrustean effort to make the evidence fit the rule seems to be at work in these cases, and it may be that while abandoning the language of "lustful inclination," a term with which the court is uncomfortable, *see Pendleton*, 685 S.W.2d at 552, the court has left the principle pretty much intact while searching for new language to describe the principle. In any event it is clear that in the present state of our law evidence of separate but similar acts of sexual misconduct with another of his children is admissible in a defendant's trial for incest so long as the separate acts occurred at a time not too remote from commission of the crime being tried.

■ We believe the acts to which the victim's sisters testified were sufficiently similar to the acts with the victim to satisfy the similarity requirement. *See Pendleton v. Commonwealth, supra.* Although the sisters testified to continuing acts stretching as far back as about eight years before the first attack on the victim, in view of the continuing nature of the acts with the sisters (the last with the oldest sister occurring only about four years before the assault on the victim), we believe the remoteness requirement also was satisfied. *See Anastasi v. Commonwealth, supra.*

The judgment of the trial court is affirmed.

All concur.