**Brent COOPER, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Jan. 28, 1977.

Dale B. Mitchell, Mitchell & Gillum, Somerset, for appellant.

Robert F. Stephens, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Appellant was convicted on the charges of sodomy in the first degree, assault in the second degree, and unlawful imprisonment in the second degree.

Appellant contends that the court erred in submitting a sodomy instruction (KRS 510.070), and in refusing to submit an instruction on sexual misconduct (KRS 510.-140) and in refusing to instruct on the meaning of lack of consent as defined in KRS 510.020.

Appellant argues that the sodomy statute and the sexual misconduct statute have the same elements but different punishments, and therefore a conviction for sodomy would result in a violation of the equal protection amendment of the United States Constitution.

More specifically, appellant says that if one uses forcible compulsion to commit deviate sexual intercourse he is guilty of sodomy because the statute expressly says so, and since KRS 510.020 lists forcible compulsion as being one way in which there might be lack of consent, one is also guilty of violating the sexual misconduct statute which speaks of "without the (victim's) consent."

KRS 510.140 is as follows:

(1) A person is guilty of sexual misconduct when he engages in sexual intercourse or deviate sexual intercourse with another person without the latter's consent.

(2) Sexual misconduct is a Class A misdemeanor.

The bare wording of this section at first blush makes it appear to include offenses embraced in other sections of Chapter 510. For example, as appellant argues, sodomy in the first degree (KRS 510.070) may be caused by forcible compulsion which is, according to KRS 510.020, a result of lack of consent. KRS 510.140 provides that sexual misconduct may be accomplished if there is

lack of consent of the other person. To give meaning to KRS 510.140 a commentary accompanying KRS 510.140 was included which is in part as follows:

"But the basic purpose of KRS 510.140 is to preserve the concept of statutory rape and statutory sodomy. When read in conjunction with the rape and sodomy statutes, KRS 510.140 is designed primarily to prohibit nonconsensual sexual intercourse or deviate sexual intercourse under two circumstances: (i) when the victim is 14 or 15 and the defendant is less than 21; or (ii) when the victim is 12, 13, 14, or 15 and the defendant is less than 18 years of age. In this context the ages of the defendant and the victim are critical. Force is not an element of this offense. The victim is statutorily incapable of consent. However, mistake as to age is a defense under KRS 510.030.

"The purpose in denominating such conduct between persons within the specified age groups as sexual misconduct rather than rape or sodomy is to eliminate an undesirable stigma. In such cases the defendant may well have been persuaded by the 'victim' to engage in the proscribed conduct. It seems unnecessarily harsh to have a defendant within the prescribed age limitation who has been convicted of such a statutory offense to bear a criminal record labeling him as a 'rapist' or 'sodomist.' KRS 510.140 takes a more realistic approach to the penalty imposed while at the same time prohibiting the undesirable conduct.

"If the accused is 21 or over and the victim is less than 16, the offense constitutes third degree rape. If the accused is 18 or older and the victim is under 14, the offense constitutes second degree rape. Any sexual intercourse with a person less than 12 years old constitutes first degree rape regardless of the age of the accused."

The commentary was originally a part of the November 1971 final draft of the Kentucky Penal Code, and according to *Kennedy v. Commonwealth,* Ky., 544 S.W.2d 219 (decided September 17, 1976), it

is presumed that the legislation assigned to the commentary in the 1974 legislative adoption of the penal code the same meaning and effect attributed to the language by the 1971 commentary. And according to KRS 500.100, the commentary accompanying the code may be used as an aid in construing the provisions of the code.

KRS 510.140 therefore, as interpreted by the commentary, is concerned with cases not specifically covered by other sections of Chapter 510, and appellant's argument that he was convicted in violation of the equal protection amendment is without merit. In the present case both appellant and the victim were over 21 years of age and neither was physically or mentally incapacitated. KRS 510.140 was simply not applicable and the trial court properly refused to instruct the jury on the offense of sexual misconduct.

Appellant contends that the trial court erred by not permitting appellant to introduce a witness who testified by way of avowal that the victim had made homosexual advances to him. There were only two contentions at the trial, namely, that appellant committed the acts of sodomy by compulsion, as testified to by the victim, and that appellant did not commit acts of sodomy by compulsion or any other means, as testified to by appellant. There was no relevancy to either contention therefore in the avowed testimony that the victim was a homosexual.

We find no merit in other assignments of error advanced by appellant.

The judgment is affirmed.

All concur.