Harold Lawrence SPENCER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

June 10, 1977.

**356**

John Tim McCall, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The Jefferson County Grand Jury returned a six-count indictment against the appellant, Harold L. Spencer, charging him with the kidnapping, first-degree robbery and first-degree rape of Marilyn Louden occurring on February 7, 1976, and with the kidnapping, first-degree rape and first-degree sodomy of Deborah Wise occurring on April 17, 1976. Following a jury trial, Spencer was acquitted of those charges involving Marilyn Louden but convicted of those involving Deborah Wise. He was sentenced to 20 years' imprisonment on each such charge, the sentences for kidnapping and rape to run concurrently, and that for sodomy to be served consecutively to the two other charges. Five allegations of error are raised by his appeal from that conviction.

The testimony presented at trial was in agreement in showing that appellant, a part-time policeman and security guard, was wearing a police uniform and driving a car equipped with flashing blue lights when he stopped Deborah Wise for the ostensible purpose of giving her a speeding ticket. The testimony as to the subsequent events, however, was in disagreement. The victim testified that after appellant asked to see her driver's license, he ordered her to "scoot over" and she "wouldn't get hurt", then took his pistol out, got behind the wheel of her car, drove it a short distance to a darker location within the parking lot in which she had stopped, removed her clothing, forced her to engage in oral sex, and raped her. Her testimony does not indicate her confinement to be of any significant length greater than that incidental to the commission of the crimes alleged. Appellant's testimony, on the other hand, admitted his having sexual relations with the victim, but denied his using force or threats in doing so, claiming instead that she knew him from an apartment complex at which they had both once been residents and consented to the

acts. Appellant therefore argues that since his testimony contradicted that of the victim as to the element of "forcible compulsion", which must be present for convictions for first-degree rape and sodomy, he was entitled to an instruction on the lesser included offense of sexual misconduct, defined by KRS 510.140 as ". . . sexual intercourse or deviate sexual intercourse with another person without the latter's consent." We disagree. In *Cooper v. Commonwealth*, Ky., 550 S.W.2d 478 (rendered January 28, 1977), we held, after discussing the language of KRS 510.140 and its accompanying commentary, that this statute is not applicable where both parties are over 21 years of age and neither was physically or mentally incapacitated at the time of the occurrence. This being the situation presented herein, we conclude there to have been no error in the trial court's refusal to instruct the jury on the offense of sexual misconduct as sought by the appellant.

Appellant's next allegation of error concerns the trial court's admitting into evidence the testimony of a Kentucky State Police Crime Laboratory technician who had earlier submitted to the Jefferson County Police Department a report of the results of scientific tests performed on various bodily samples taken from the appellant and the prosecuting witnesses. Appellant argues that since he was not furnished this report until the day of trial, although he had previously requested it through a motion to produce, inspect and copy pursuant to RCr 7.24, the admission of the technician's testimony elaborating on the contents of the report was prejudicial error. We have studied the results of the tests as reported by the technician in his testimony and cannot find the untimely furnishing of this report to appellant's counsel to have so prejudiced his right to a fair trial as to warrant reversal of his conviction. As we read these findings, they are inconclusive in regard to connecting appellant to the crime against Deborah Wise. Moreover, the record of the in-chambers hearing on appellant's objection to the introduction of this testimony does not establish any intentional withholding of the report from appellant's counsel by the attorney for the Commonwealth. Rather, that transcript establishes that although the report was received by the police department approximately two weeks earlier, it was not made available to either side prior to trial, the Commonwealth first becoming aware of its existence during a telephone conversation occurring the morning the trial began. We therefore conclude no error of reversal magnitude was committed by the trial court's admission of the technician's testimony into evidence.

The third assertion of error is that the trial court erred in trying together the charges involving the two separate prosecuting witnesses and incidents. Appellant claims there should have been granted a severance of the counts of the indictment pursuant to RCr 9.16, arguing the cumulative effect of the evidence and the manner in which it was presented operated to confuse the jury and prejudice his right to a fair trial. We cannot agree. The granting or denial of a motion for separate trials is a discretionary function of the trial court. A conviction resulting from a trial in which such a motion has been denied will be reversed on appeal only if the refusal of the trial court to grant such a severance is found to amount to a clear abuse of discretion and prejudice to the defendant is positively shown. *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972). In determining whether a joinder of offenses for trial is prejudicial, a significant factor to be considered is whether the evidence of one of the offenses would be admissible in a separate trial for the other offense. If the evidence is admissible, the joinder of offenses, in most instances, will not be prejudicial. *Marcum v. Commonwealth*, Ky., 390 S.W.2d 884 (1965). It is well established that evidence of the commission of crimes independent of those for which the accused is on trial is not admissible for the purpose of showing the commission of the particular crime charged unless the evidence of the other offenses has some special connection to the crime charged. *Keith v. Commonwealth*, Ky., 251 S.W.2d 850 (1952). To be

admissible, in other words, the evidence must be relevant to the issues in some manner other than in proof of a general criminal disposition in the accused to commit the particular crime. For example, as was recognized in *Ringstaff v. Commonwealth*, Ky., 275 S.W.2d 946, 949–950 (1955), evidence of an independent crime ". . . is competent when it tends to establish identity, or knowledge of guilt, or intent or motive for the commission of the crime under trial, or malice, or when other offenses are so connected or interwoven with the one being tried that they cannot well be separated from it in the introduction of relevant testimony, or when the independent offense was perpetrated to conceal the crime for which the accused is on trial, or committed by novel means, or in a particular manner, or is a part of a plan or system of criminal action." In the present case, the evidence relative to the two separate criminal occurrences showed each to have involved the same unique circumstances and modus operandi. Each victim was stopped by a man wearing a police uniform driving a police type of vehicle equipped with flashing blue lights, and was asked to produce her driver's license, giving the appearance that she was about to receive a citation for speeding. A pistol was used to force the victim in each instance to submit to sexual intercourse. Each was ordered to move to the passenger seat of her vehicle to permit the officer to drive the car to a less conspicuous location, where the sexual attack ensued. It would thus appear that the evidence of either of the offenses would have been admissible in a separate trial for the other. We thus conclude no prejudice to the defendant resulted from the trial court's refusal to grant separate trials. We do not feel the jury's verdict reflects its being confused by the evidence presented in proof of the separate occurrences, since the appellant was acquitted of the charges stemming from the first incident and convicted only of those involving the second. Our recent decision in *Romans v. Commonwealth*, Ky., 547 S.W.2d 128 (rendered February 18, 1977), in which we held the joinder for trial of two separate rape charges occurring on separate dates and involving different victims to have been prejudicial error, is distinguishable. In that case, the evidence relative to the two charges showed no similarity in circumstances suggesting a characteristic pattern or modus operandi, so that the evidence of one would have been of no probative value in a separate trial for the other.

■ By appellant's fourth assignment of error, he argues the trial court improperly admitted into evidence an illegally obtained "confession" to the offense committed against Deborah Wise, claiming the damaging statement was made after he had been continuously questioned without the benefit of counsel. We have reviewed the statement in question and because we cannot in any way classify it as a confession to the crimes charged, we cannot hold its admission into evidence merits reversal of appellant's conviction. At most, the statement is an admission by appellant that he had in fact had sexual relations with Deborah Wise after causing her to stop her vehicle, that she was at first "nervous" and reluctant to respond to his advances, but that she ultimately acquiesced in the acts and said she did not intend to report the incident to appellant's superiors. The statement thus parallels the theory advanced by appellant's testimony at trial, so that no error can be found to have been committed by its introduction into evidence.

■ In regard to the final alleged error, the Commonwealth has conceded that in light of KRS 509.050, which provides an exemption from conviction for kidnapping where the defendant's underlying criminal purpose is the commission of an offense defined outside KRS Chapter 509 and where his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, the conviction of appellant for kidnapping, in addition to his convictions for rape and sodomy, was in error. Pursuant to this concession, that conviction is hereby ordered reversed.

That portion of the judgment of conviction finding appellant guilty of the crimes

of first-degree rape and sodomy is therefore affirmed, while that portion adjudging him guilty of kidnapping is reversed.

All concur.