**Dale ANASTASI, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 87–SC–623–DG.

Supreme Court of Kentucky.

June 30, 1988.

Rehearing Denied Sept. 8, 1988.

D. Duane Cook, Brown, Todd & Heyburn, Lexington, Paul Hieronymus, McKee, James T. Gilbert, Coy, Coy & Gilbert, Richmond, for appellant.

David L. Armstrong, Atty. Gen., Elizabeth A. Myerscough, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment based on a jury verdict which had convicted Anastasi of five counts of sexual abuse in the first degree. He was sentenced to a total of five years in prison.

The questions presented are whether it was reversible error to permit a nonprosecuting witness to testify that he was raped eight years prior to the trial; whether the admission of testimony from another nonprosecuting witness as to alleged sexual misconduct was improper; whether the failure of the trial judge to admonish the jury was prejudicial to the defendant and whether the failure to direct a verdict of acquittal was improper.

Anastasi was charged with abusing four boys, one on two occasions between 1982 and 1984, by improper sexual touching. At the time of the alleged incidents, all of the victims were under 12 years-of-age.

Anastasi was subsequently indicted on other sexual abuse charges involving a different boy. Originally the prosecution sought to have this indictment tried with the other charges but later withdrew the motion. Over objection, the other child victim was allowed to testify concerning two alleged sexual acts with Anastasi. The defense motion for an admonition was initially denied. The prosecution then presented the testimony of a 22 year-old-man who said he was anally raped by the defendant eight years earlier. No admonition was requested immediately after this testimony. At a conference in chambers following the testimony, Anastasi moved for an admonition on the testimony of the two previous witnesses. The trial judge did admonish the jury that the testimony of the two previous witnesses should only be considered for the purpose of corroboration.

This Court affirms the judgment of conviction and the decision of the Court of Appeals.

■ The trial judge did not abuse his discretion in admitting testimony of an alleged rape eight years prior to trial and five years prior to the sexual abuse.

This Court has recently held that evidence of independent sexual acts between the accused and persons other than the victim, if similar to the act charged, and not too remote in time, are admissible to show intent, motive or a common plan. *Pendleton v. Commonwealth*, Ky. 685 S.W.2d 549 (1985). Anastasi argues that *Lantrip v. Commonwealth*, Ky. 713 S.W.2d 816 (1986) should apply. We disagree.

Without any doubt, the evidence that Anastasi anally raped a fourteen-year-old boy eight years prior to the trial of this case and the additional evidence that he committed acts similar to the crimes charged upon another young boy was prejudicial. *Warner v. Commonwealth*, Ky., 621 S.W.2d 22 (1981). If such evidence is to be admitted in view of the general pro-

scription against evidence of prior bad acts, it must fall within one or more of the exceptions to the general rule. Evidence which proves only a "lustful inclination" is not admissible. *Pendleton, supra.* That is not the case here.

The evidence in this case disclosed that all victims were young boys with whom Anastasi managed to be alone in bedrooms. In each instance he was dressed only in his underwear and all victims, except one, were clothed only in underwear. In each case, prior to the sexual contact, he tickled and wrestled with the children. These facts establish such similarity between the charged and uncharged crimes as to show a pattern of conduct which renders evidence of the occurrence of the uncharged crimes admissible.

*Pendleton* and *Lantrip* dealt extensively with the admissibility of prior uncharged crimes in sex abuse cases. This opinion should not be construed as a retreat from the standards established.

In regard to the second nonprosecuting witness, a minor, the acts took place in 1984 or 1985 and were very similar in nature to the charges which were the subject of this trial. Although the witness was slightly older than the victims here, the acts were neither too dissimilar nor too remote in time to render them inadmissible under either *Pendleton* or *Lantrip.* The testimony indicates the defendant rubbed his body against two of his victims and there is the required similarity of acts pursuant to *Pendleton.*

The circumstances of the rape of a young boy are significantly similar to some of these instances of sexual abuse. The trial judge did not abuse his discretion when he determined that this act, allegedly occurring in 1977, was not too remote and we have no reason to disturb such a ruling. *Cf. Messmear v. Commonwealth,* Ky., 472 S.W.2d 682 (1971).

The contention that the admonition given by the trial judge regarding the testimony of the alleged rape victim was confusing is unconvincing. Although the admonition may have been broad, there was no objection to the content of the admonition and the trial judge was not offered an alternative admonition.

■ Anastasi did not properly preserve for appellate review the issue of sufficiency of the evidence in regard to the element of sexual contact. A careful review of the record indicates that Anastasi did not argue that the prosecution failed to prove the element of sexual gratification in any of the various motions for a directed verdict. It cannot be raised for the first time on appellate review. *McDonald v. Commonwealth,* Ky., 554 S.W.2d 84 (1977). Anastasi did not object to the giving of any instruction. Sexual gratification is a single element of the crime of sexual abuse in the first degree. A motion for directed verdict is not the proper method of challenging the sufficiency of the evidence on a particular issue. *Kimbrough v. Commonwealth,* Ky., 550 S.W.2d 525 (1977). Intent can be inferred from the actions of an accused and the surrounding circumstances. The jury has wide latitude in inferring intent from the evidence. *Rayburn v. Commonwealth,* Ky., 476 S.W.2d 187 (1972).

The other arguments raised on appeal by Anastasi are without merit.

It is the holding of this Court that the trial judge did not abuse his discretion in admitting testimony of an alleged rape eight years prior to trial and five years prior to the sexual abuse because it was not too remote or too dissimilar to the charges being tried to show a common plan.

The judgment of conviction is affirmed.

GANT, LAMBERT, LEIBSON and VANCE, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

STEPHENSON, J., joins in his dissent.

STEPHENS, Chief Justice, dissenting.

The majority contends that the evidence of an alleged forcible rape eight years earlier, for which appellant was neither charged nor convicted, was admissible to show intent, motive or a common plan, and was not too remote in time to be relevant to the instant prosecution. I disagree. As we held in *O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153, 156 (1982), "[a]n accused is entitled to be tried for one offense at a time, and evidence must be confined to that offense." There are only a few very limited instances where the prior unconvicted acts of a defendant may be used against him or her in a prosecution for an entirely separate crime. The three main categories are (1) when the evidence "is offered to prove motive, intent, knowledge, identity, plan or scheme, or absence of mistake or accident; (2) such evidence is relevant to the issues other than proof of a general criminal disposition, and (3) the possibility of prejudice to the accused is outweighed by the probative worth and need for the evidence." *Id.*

Each of these specific exceptions is subject to a fourth restriction—time. As time passes, the relevance of evidence of prior unconvicted acts greatly decreases. Such remote evidence may only be admitted when the prior alleged activity indicates "a common and continuing pattern of conduct on the part of the accused." *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549, 552 (1985). In *Pendleton*, the appellant was convicted of the first-degree rape and first-degree sodomy of his six-year-old daughter. At trial, evidence was introduced that he had abused the victim's fourteen-year-old sister over a period of six or seven years. We affirmed the trial court's admission of this testimony, although it was rather remote in time from the charged offense, because it was relevant to show a continuing pattern of sexual abuse against his daughters. It was not merely an isolated incident which occurred a long time ago and bespoke a tendency towards such behavior, but rather the first in a series of sexual assaults, culminating in the rape and sodomy of the victim.

In the case at bar, there is no such pattern continuing over the years. Appellant was convicted of fondling a number of young boys during a fairly short period of time. The testimony of K.R., alleging that eight years earlier appellant had raped him is neither recent enough, nor sufficiently similar to the charged offenses to render the evidence relevant to prove appellant's guilt. The victims all testified that they were able to refuse appellant's advances, and a few in fact did. There is a great deal of difference between these offenses and an alleged violent, forcible rape.

It is very important to preserve that inalienable right of every criminal defendant to be presumed innocent until the state can prove his or her guilt. An effective protection against prejudgment is the prohibition against using a defendant's rumored bad propensities against him or her. Exclusion of a defendant's alleged past misdeeds enables each accused to face the charges against him or her with a fresh slate. For these reasons, the law does not allow a witness to testify as to unconvicted bad acts which occurred long before the charged offense unless it is necessary to prove one of the few specific exceptions.

For these reasons, I dissent from the opinion of the majority because I do not believe the rape of K.R. is either recent enough or sufficiently similar to the fondlings for which appellant was convicted to be relevant at this trial, and should have been accordingly excluded.

STEPHENSON, J., joins in this dissent.