Aubrey Marion BILLINGS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–SC–317–MR.

Supreme Court of Kentucky.

Dec. 17, 1992.

Stewart B. Elliott, Owensboro, for appellant.

Chris Gorman, Atty. Gen., Ann Louise Cheuvront, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

COMBS, Justice.

Aubrey Marion Billings was convicted of two counts of sodomy in the first degree and two counts of sodomy in the second degree, all committed against a single victim, his stepdaughter. He was sentenced to twenty years' imprisonment, and appeals to this Court as a matter of right.

Three issues are presented: 1) whether the trial court erred in admitting testimony by the complaining witness' sister concerning Billings' alleged sexual misconduct toward her; 2) whether the trial court erred in excluding defense testimony concerning the complaining witness' alleged sexual re-

lationship with Billings' son; and 3) whether the trial court erred in refusing to instruct the jury on the lesser included offense of sexual abuse in the first degree.

The complaining witness, age 15 at the time of trial, testified that Billings had had oral sexual contact with her on two occasions in August of 1986, when she was about 11 years old. She further stated that Billings had subjected her to oral sex and sexual intercourse many times between August 1988 and January 1989, during which time she was age 13.

Over objection in limine, the complaining witness' younger sister was permitted to testify that, several years before, Billings had on two occasions touched her between the legs (while she was fully clothed), had on another occasion exposed himself to her, and had encouraged her to watch sexually explicit movies. The principal issue on appeal is whether this evidence was properly admitted.

■ Our experience has been that the rules governing the admission of such evidence are more easily stated (and mis-stated) than applied. Against the hoary proposition that we welcome any evidence tending to make a material fact, i.e., an element of the offense, appear more likely or less likely than it would appear absent that evidence, is counterpoised the equally venerable rule that a defendant may not be convicted on the basis of low character or criminal predisposition, *even though* such character or predisposition makes it appear more likely that the defendant is guilty of the charged offense. The upshot is that evidence of criminal conduct other than that being tried is admissible only if probative of an issue independent of character or criminal predisposition, and only if its probative value on that issue outweighs the unfair prejudice with respect to character.

■ The traditional statement of the rule recognizes that such evidence may be admissible as probative of "motive, intent, knowledge, identity, plan or scheme, or absence of mistake or accident." *O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153, 156 (1982).[1] It is readily seen that evidence assignable to each of these categories, in both traditional and recent formulation, may be relevant to the proof of one or more of the fundamental elements of a crime: the corpus delicti, identity, and mens rea.

■ In the present case—as in many involving charges of sexual crimes—the ascendant issue is the corpus delicti—whether the event occurred at all. And on this issue is the application of the evidentiary rules most problematic. Unless the collateral act has some direct relationship to the charged act, the inference that the charged act occurred is necessarily founded on nothing more than the defendant's character and predisposition as revealed by the collateral act.

In cases of this nature,[2] we have long recognized that the degree of similarity between the charged and the uncharged acts is a critical factor in establishing a direct relationship independent of character. As the degree of similarity increases, and a modus operandi appears, inferences are more likely to be drawn from the events' common *facts* rather than their common *criminality*.

But what inferences are drawn, and on what issue? We have had considerable difficulty in assigning even similar acts to one of the categories of admissibility, when the issue is the corpus delicti. In *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1974), we appeared to create a new category—"lustful inclination"—to accommodate evidence of similar or identical sexual crimes. We might just as well have termed it "motive." That treatment, by either term, would logically require for admissibility only that the charged and uncharged acts involve sexual crimes. It is

---

**1.** Compare our recently adopted litany: "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." KRE 404(b)(1).

**2.** In other contexts, similarity of the acts may be of lesser or even of no significance. Circumstances must dictate when similarity is a necessary or a sufficient condition to show a direct relationship between the two acts.

equivalent to saying that greed, as evidenced by shoplifting, may be proven as a motive for robbery.

*Russell* was expressly overruled in *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985), wherein we declared that the same standard of admissibility applies to trials for sexual crimes as to trials for other offenses. While recognizing that the exceptions allowing evidence of collateral criminal acts "must be strictly construed" (*id.* at 552), we proceeded to expand the traditional "plan or scheme" category to accommodate evidence showing a "pattern of conduct." We upheld the admissibility of evidence of the defendant's acts of sexual abuse against the victim's sister, even though those acts did not involve sexual intercourse (whereas Pendleton was charged with rape and sodomy).

Our discomfort with the "pattern of conduct" rule was apparent in the decision of *Lantrip v. Commonwealth*, Ky., 713 S.W.2d 816 (1986), where we held inadmissible the testimony of two female witnesses that the defendant, charged with raping his minor daughter, had made improper sexual advances toward them. We said:

> His conduct on those occasions, as described by the witnesses, was not so similar to [that] exhibited toward [the complaining witness] as to establish a method or pattern of operation which in itself would identify appellant as the perpetrator of the acts in question. In fact, there is no question of identity present in this case.

*Id.* at 816. The conclusion must be that two acts involving sexual crimes are not necessarily "similar." In addition, although finding no issue of identity in that case, we indicated that bad acts evidence offered to prove the corpus delicti by similarity should meet the same criteria as such evidence offered to prove identity by similarity—that is, it should indicate a modus operandi.

The "pattern of conduct" approach reappeared in *Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988), but was applied more circumspectly than in *Pendleton*.

There the *details* of the charged and uncharged acts bore a peculiar similarity:

> The evidence in this case disclosed that all victims were young boys with whom Anastasi managed to be alone in bedrooms. In each instance he was dressed only in his underwear and all victims, except one, were clothed only in underwear. In each case, prior to the sexual contact, he tickled and wrestled with the children. These facts establish such similarity between the charged and uncharged crimes as to show a pattern of conduct which renders evidence of the occurrence of the uncharged crimes admissible.

*Id.* at 862. This rationale is compatible with that of *Lantrip*.

Our shots have been somewhat scattered, but we believe that *Lantrip* is nearest the mark. While the issue of the corpus delicti is primary in these cases, identity of the perpetrator (if any) is not wholly irrelevant. It seems more accurate to say that the latter issue is assimilated into the former. If the act occurred, then the defendant almost certainly was the perpetrator. The two issues are essentially integrated. It is entirely appropriate, we believe, for purposes of assessing the admissibility of evidence of collateral crimes in the present context, to treat the evidence as if offered to prove identity by similarity, and to require that the details of the charged and uncharged acts be sufficiently similar as to demonstrate a modus operandi. That standard was succinctly put in *Adcock v. Commonwealth*, Ky., 702 S.W.2d 440, 443 (1986):

> In every case in which evidence of other crimes is sought to be introduced to establish a pattern or scheme, the real question is whether the method of the commission of the other crime or crimes is so similar and so unique as to indicate a reasonable probability that the crimes were committed by the same person. If it does so, evidence that the defendant committed the other crime is admissible. If it only tends to show a disposition to commit a crime, the evidence is not admissible.

■ The evidence of separate criminal conduct presented in the trial of the instant case, compared with the evidence of the charged crime, clearly fails to establish such a striking similarity between the two acts. The evidence bore the prejudice of common criminality, with little probative value as to common facts. We hold that admission of this evidence was prejudicial error, and reverse for a new trial.

[5] Billings also assigns error to the trial court's refusal to allow evidence that the complaining witness had engaged in sexual intercourse with Billings' 15-year-old son. According to Billings, his learning of that fact precipitated an argument, as a result of which he expelled the complaining witness and other members of her family from the home. His aim is to demonstrate that the complaining witness was motivated to bring a false accusation against him.

■ According to KRS 510.145, in effect at the time of trial, evidence of specific instances of the complaining witness' prior sexual conduct may not, generally, be presented by the defendant. The statute does contain a proviso, however, that evidence "directly pertaining to the act on which the prosecution is based" may be admitted after a hearing to determine its relevancy. The trial court here, after a hearing, ruled that the evidence was irrelevant and inadmissible.

We are not persuaded that the trial court erred. It appears that the stepdaughter's animus, if any, derived from the expulsion from the home. Nothing prevented the defendant from presenting evidence of that fact. The appellant simply has not made clear how the alleged sexual liaison is relevant to the ill will. In any event, upon retrial, the defendant will have an opportunity to present his argument to the court pursuant to KRE 412.

■ Finally, Billings contends that the trial court erred in declining to instruct the jury on the lesser included offense of sexual abuse in the first degree. We do not agree. An instruction on a lesser included offense is appropriate only when the state of the evidence is such that a juror might entertain reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond reasonable doubt that the defendant is guilty of the lesser offense. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977); *cf. Isaacs v. Commonwealth*, Ky., 553 S.W.2d 843 (1977). The gravamen of the charge and the overwhelming import of the prosecution's evidence in the present case was that the defendant had subjected the complaining witness to oral sexual contact. The entire import of the defense evidence was that the events alleged had not in fact occurred. We can discover no basis in the record for the proposition that a reasonable juror could have found Billings innocent of sodomy but guilty of sexual abuse in the first degree.

The conviction is reversed, the sentence is vacated, and this matter is remanded to Daviess Circuit Court for further proceedings consistent with this opinion.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., files a dissenting opinion in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from that part of the majority opinion which reverses this conviction because the trial judge allegedly and improperly permitted testimony from the younger sister of the victim about similar crimes. The majority accepts the argument by Billings that the prejudicial effect of the testimony exceeded its probative value.

Evidence of independent sexual acts between the accused and persons other than the victim, if similar to the act charged, and not too remote in time, are admissible to show intent, motive or a common plan. *Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988); *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985). In addition it has long been held that evidence of other crimes may be admitted when it has a special relationship to the offense charged because it would show the same

elements of motive, intent, plan or scheme. *Lindsay v. Commonwealth,* Ky., 500 S.W.2d 786 (1973).

The majority opinion bases its reversal on the statements in *Adcock v. Commonwealth,* Ky., 702 S.W.2d 440 (1986), which indicates that evidence of other crimes must be so similar and so unique as to indicate a reasonable probability that the crimes were committed by the same person. If the evidence only tends to show a disposition to commit a crime, it is not admissible. A careful review of the evidence in this case demonstrates that it meets the standard of *Adcock, supra.*

The younger sister testified that Billings, on two occasions, rubbed her between her legs and then on one occasion, exposed himself to her. The evidence of sexual activity with the younger sister was similar enough in act, place and time to the acts with the complaining witness to show motive, plan, scheme, or pattern of activity. Billings fondled the complaining witness, starting when she was 10 years old and lived in Stanley, Kentucky. The younger sister testified that Billings also fondled her and that the events occurred in Stanley, when she would have been 8 years old.

In my view, the majority has subjectively substituted its view of the evidence for that of the trial judge. My review of the record does not indicate that there was any abuse of discretion by the trial judge in allowing the testimony. The trial judge is always better positioned to observe the credibility of the witnesses and to rule appropriately. Accordingly, in the absence of an abuse of discretion, I believe the trial judge correctly admitted the testimony of the younger sister of the victim concerning earlier sexual acts committed on her by the defendant.

I would affirm the judgment of conviction in all respects.

REYNOLDS and SPAIN, JJ., join in this dissenting opinion.