**Theodore REARICK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 92–SC–230–MR.**

Supreme Court of Kentucky.

May 27, 1993.

**186**

Franklin P. Jewell, Louisville, for appellant.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Criminal Appellate Div., Capitol Building, Frankfort, for appellee.

## OPINION OF THE COURT

Appellant was convicted of three counts of First Degree Sodomy, one count of Third Degree Sodomy and two counts of First Degree Sexual Abuse. He appeals as a matter of right from the judgment of conviction and thirty year sentence. The judgment is reversed and the case remanded for a new trial in accordance with this opinion.

The charges of which appellant was convicted were consolidated for trial from three separate indictments, each of which was returned on a different date and involved a different juvenile victim. The first indictment consisted of one count of sexual abuse and one count of attempted sexual abuse which allegedly occurred between April and June of 1983. That victim, hereinafter C.H., was the daughter of a woman with whom appellant had lived for some time. Appellant was accused of putting C.H.'s hand in his pants and making her touch his penis, and on another occasion exposing himself to her and taking her clothes off. C.H. also testified that, while in Ohio appellant once showed her dirty magazines and touched her vagina.

The second indictment involved crimes against appellant's biological child, hereinafter referred to as E.B. This was the only indictment involving a male victim and it consisted of four counts of first degree sodomy, and single counts of third degree sodomy and first degree sexual abuse. It was also the only indictment which alleged anything beyond an improper touching. E.B., who had been sexually abused by a prior stepfather, described multiple acts of sodomy wherein appellant had anal intercourse with him. These acts were alleged to have occurred at various times and places between May of 1982 and May of 1990.

The third indictment consisted of four counts of first degree sexual abuse against K.M., a friend of appellant's stepdaughter. It was alleged that appellant once exposed himself to K.M. "during a game," and that he touched her breast, bottom or private

areas, always while she was clothed, approximately 40 to 50 times during a three to four week period. These events were alleged to have occurred at appellant's home, and K.M. estimated her age at the time to have been between six and eight years old.

All of the victims were seventeen years of age when they testified at trial in February of 1992, and their testimony constituted the crux of the Commonwealth's case against appellant. At the conclusion of the evidence, the trial court directed verdicts of acquittal on one count of first degree sodomy against E.B., one count of first degree sexual abuse against E.B., and three counts of first degree sexual abuse against K.M. The jury acquitted appellant of the attempt charge against C.H. and convicted him of the remaining six counts. Of the convictions, one arose out of the first indictment, four from the second indictment, and one from the third.

For his first allegation of error, appellant claims he was unduly prejudiced by the trial court's consolidation of the indictments into a single trial. Pursuant to RCr 9.12, a court may order two or more indictments, informations, complaints or uniform citations to be tried together if the offenses ... could have been joined in a single indictment, information complaint or uniform citation. RCr 6.18 states that such joinder is appropriate if the subject offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan. These rules serve as the reverse of RCr 9.16, which directs a court to order separate trials in the event that joinder results in prejudice to one of the parties.

■ We start with the general proposition that a trial court has broad discretion with respect to joinder, and will not be overturned absent a showing of prejudice and clear abuse of discretion. *Cannon v. Commonwealth*, Ky., 777 S.W.2d 591 (1989). A significant factor in identifying such prejudice is the extent to which evidence of one offense would be admissible in a trial of the other offense. *Spencer v.*

*Commonwealth*, Ky., 554 S.W.2d 355 (1977). Relying to a great extent on *Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988), the trial court herein found the crimes charged in the three indictments sufficiently indicative of a common scheme or plan to be admissible in the event of separate trials. As such, it determined that joinder would have been appropriate and granted consolidation of the indictments for trial.

■ We recently revisited the admissibility of common scheme or plan evidence in *Billings v. Commonwealth*, Ky., 843 S.W.2d 890 (1992), and *Gray v. Commonwealth*, Ky., 843 S.W.2d 895 (1992). In *Billings*, we noted that unless a collateral act has some direct relationship to the charge being tried, its admission necessarily depends on the view that the defendant's character and predisposition are probative of his guilt. Such a basis for admission of evidence was held improper in *Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985), which struck down "lustful inclination" evidence. Noting that multiple acts involving sexual crimes are not necessarily similar, we held in *Billings* that collateral bad acts evidence offered to prove corpus delicti should satisfy the same criteria as such evidence offered to indicate modus operandi. That is, evidence of other acts of sexual deviance offered to prove the existence of a common scheme or plan must be so similar to the crime on trial as to constitute a so-called signature crime. *Billings* at 893.

In *Gray*, rendered on the same day as *Billings*, the defendant was charged with sexually abusing his eight-year old niece. The prosecution put on the testimony of three other nieces who had allegedly been molested by the defendant. The first related a single incident years earlier in which she felt someone touch her between her legs while asleep. She testified that she awoke to find the defendant lying next to her. The second told how defendant had touched her between her legs and on her rear on several occasions over a period of time some years prior to the charged offense. The third related similar improper

touchings several years prior to the charged offense.

Holding that the collateral acts failed to evince such a striking similarity as to be indicative of a modus operandi, we reversed the conviction for the reasons expressed in *Billings*. Furthermore, we noted that although some of the collateral acts bore a general resemblance to the offense being tried, any probative worth which such resemblances might have endued was diminished by the remoteness of the events. *Gray* at 897.

*Anastasi v. Commonwealth*, Ky., 754 S.W.2d 860 (1988), on which the trial court relied, is distinguishable from the case at bar. In *Anastasi*, the evidence disclosed that all the victims were young boys with whom the defendant managed to be alone in bedrooms. In each instance he was dressed only in his underwear and all victims, except one, were clothed only in underwear. In each case prior to the sexual contact, he tickled and wrestled with the children. Id. at 862. The record here fails to disclose any such striking similarity.

In accordance with the standards set forth in *Billings* and *Gray*, we conclude that without consolidation, evidence of the crimes charged in indictments, other than the charge on trial, would not have been admissible as evidence of a common scheme or plan. As such, there is a substantial likelihood that the inadmissible "other crimes" evidence tainted the jury's belief as to each of the crimes charged and that each additional unrelated charge took on a weight by virtue of being joined with the others whereby the whole exceeded the sum of its parts. The trial court erred in consolidating the indictments for trial.

■ Appellant makes one additional claim of error which likewise deals with the admissibility of collateral bad acts evidence. At trial, the Commonwealth asked E.B. if he had ever seen appellant sexually assault another child. Over appellant's objection, E.B. testified that he saw the appellant anally sodomize a younger sibling who suffered from mental illness. The younger sibling did not testify at trial as he was on medication, border-line illiterate and consid-

ered of doubtful competence by both parties.

The trial court allowed the testimony as evidence of a common scheme or plan—in that the uncharged act of sodomy had taken place between appellant and another of his male children or step-children around the time appellant had last sodomized E.B. From the testimony, it appeared that appellant had taken both children to his basement bedroom where he committed the acts.

Our decision in *Anastasi v. Commonwealth, supra,* pressed the limits of admissibility of other uncharged criminal acts on grounds of similarity sufficient to indicate a modus operandi. There, the defendant's practice was to arrange to be alone with children in a bedroom and begin his assault by means of playful wrestling and tickling which escalated into sexual contact. We held this to be of sufficient similarity to permit admission of the evidence. Here, the similarity is likewise sufficient. The victims were young boys with whom appellant had a parental relationship and in each instance, the act occurred in appellant's basement bedroom and the acts occurred relatively close in time. Moreover, the evidence here was probably less damaging than in *Anastasi* as the victim of the uncharged act did not testify and the credibility of but a single witness was at issue.

Our view of this evidence is consistent with the standard established in *Billings* and *Gray*, a standard which requires the proffered evidence to be of such similarity as to demonstrate a modus operandi. As such, the trial court properly admitted the testimony of E.B. as to his observation of appellant's sexual assault upon the younger brother.

This cause is remanded for a new trial in conformity herewith.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which SPAIN, J., joins.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the trial judge did not abuse his discretion in consolidating the three indictments for a single trial.

It is well settled that the trial judge has broad discretion with regard to joinder and the decision of the trial judge will not be overturned in the absence of a showing of a clear abuse of discretion or prejudice to the defendant. *Cannon v. Commonwealth*, Ky., 777 S.W.2d 591 (1989). RCr 9.12 permits separate indictments to be joined for trial if the offenses could have been joined in a single indictment. RCr 6.18 allows separate offenses to be charged in the same indictment if the offenses are of the same or similar character or are based on the same acts as transactions connected together or constituting parts of a common scheme or plan.

A conviction resulting from a joinder of offenses in a single trial will be reversed on appeal only if the joinder is found to amount to a "clear abuse of discretion and prejudice to the defendant is positively shown." *Spencer v. Commonwealth*, Ky., 554 S.W.2d 355 (1977). "In determining whether a joinder of offenses for trial is prejudicial, a significant factor to be considered is whether the evidence of one of the offenses would be admissible in a separate trial for the other offense. If the evidence is admissible, the joinder of offenses, in most instances, will not be prejudicial." *Spencer, supra.*

Here the trial judge allowed consolidation for trial of three separate indictments, each of which involved a series of sexual offenses related to different child victims.

*Pendleton v. Commonwealth*, Ky., 685 S.W.2d 549 (1985) provides in part that evidence of independent sexual acts between the accused and persons other than the victim are admissible if such acts are similar to that charged and not too remote in time provided the acts are relevant to prove intent, motive or a common plan or pattern of activity. Here, the evidence of Rearick's conduct involving two of the victims would have been admissible in a separate trial of charges involving a third vic-tim. All of the conduct was similar and not remote in time. All of the three cases involved a series of sexual activity with young children; the defendant was in a position of authority concerning each victim; and the charged crimes all occurred in the defendant's residence. Consequently, under *Spencer, supra,* the offenses could all be joined for a single trial.

The majority opinion misapplies the standards set forth in the majority decisions in *Billings v. Commonwealth*, Ky., 843 S.W.2d 890 (1992) and *Gray v. Commonwealth*, Ky., 843 S.W.2d 895 (1992). It is interesting to note that neither of these authorities was cited by Rearick in his brief. Here the multiple sexual crimes are strikingly similar and clearly constitute a signature crime.

The trial judge did not abuse his discretion in granting the consolidation and there was no prejudice to the defendant. I would affirm the convictions in all respects.

SPAIN, J., joins in this dissent.