Dujuan Lee TUCKER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–1050–MR.

Supreme Court of Kentucky.

Feb. 22, 1996.

Thomas L. Conn, Fayette County Legal Aid, Inc., Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Tucker of murder and robbery. He was sentenced to life without parole for twenty-five years on the murder charge with a concurrent twenty year and twelve months sentence on the robbery and stolen property convictions.

The only question presented is whether Tucker was denied due process of law by the introduction of evidence pertaining to prior bad acts.

Tucker was charged with the murder of an employee in the course of a hold-up at a Marathon Station. He was also charged with first-degree robbery and the offense of receiving stolen property by having a stolen license plate in his possession. Tucker testified in his own behalf and denied that he was involved in the murder and robbery. He claimed a defense of alibi on the night in question. This appeal followed his conviction.

Tucker argues that he was denied due process of law by the introduction of evidence that he had threatened to kill a victim in a previous robbery, that he was stopped while operating a motor vehicle on a suspended license, and was later found to be in possession of a stolen license plate, that he had smoked marijuana and that he had substantial child support arrearage.

Prior to trial, Tucker filed a motion in limine "to prohibit the introduction at trial by the Commonwealth of any testimony or evidence concerning the events surrounding the charge of first-degree robbery and kidnapping against Pedro McKee in Fayette Circuit Court." After a complete hearing on the motion, the trial judge permitted McKee to testify at trial. At the beginning of the trial, Tucker filed a general objection in the same style as the motion in limine had been presented. Later in the trial, McKee testified that in the other case in 1993, he and Tucker abducted and robbed an individual, Tucker had a handgun that he fired during the crime and Tucker wanted to kill the victim so that there would be no witnesses to identify him.

During the 1993 robbery, the assailant fired a gun twice and two shell casings were recovered. In the Marathon robbery, the assailant also discharged a weapon on multiple occasions. Two shell casings were recovered in Tucker's automobile. At trial, a forensic ballistic expert concluded that all the casings were fired by the same weapon. This evidence, combined with the testimony of McKee, clearly proved Tucker as the possessor of the gun, the instrument of the crime in question. This constituted admissible and compelling proof of Tucker's identity.

However, the testimony regarding the desirability of killing the 1993 victim and the fact that Tucker had to be talked out of the killing was not objected to during McKee's testimony at trial and is not therefore properly preserved for appellate review. RCr 9.22. An objection made prior to trial will not be treated in the appellate court as raising any question for review which is not strictly within the scope of the objection as made, both as to the matter objected to and as to the grounds of the objection. It must appear that the question was fairly brought to the attention of the trial court. *Richardson v. Commonwealth*, Ky., 483 S.W.2d 105 (1972). While this Court has approved the use of motion in limine as a means of obtaining pretrial rulings concerning the admission and exclusion of evidence, we have not repealed the contemporaneous objection rule. One claiming error may not rely on a broad ruling and thereafter fail to object specifically to the matter complained of. When trial counsel is aware of an issue and fails to request appropriate relief on a timely basis, the matter will not be considered plain error for reversal on appeal. *West v. Commonwealth*, Ky., 780 S.W.2d 600 (1989); *Crane v. Commonwealth*, Ky., 833 S.W.2d 813 (1992).

Tucker contends that evidence of other crimes was offered to show his "criminal disposition". A careful examination of the record does not support this allegation. Evidence of other crimes or "bad" acts was properly admitted to establish motive and identity. KRE 404(b)(1). Moreover, the record further shows that the trial judge correctly concluded that the probative value of the challenged evidence exceeded any prejudicial effect.

Evidence of other crimes may be admissible as probative of motive, intent, knowledge, identity, plan or scheme, or absence of mistake or accident. *Billings v. Commonwealth*, Ky., 843 S.W.2d 890 (1992); KRE 404(b)(1). Here, the record indicates that the trial judge properly determined that the probative value of the challenged evidence exceeded any prejudicial effect. Mention of the 1993 robbery was necessary because of the question of motive. There was testimony that Tucker told friends that he shot the victim following a struggle. His conversation with McKee about killing the clerk in the earlier robbery to eliminate any witnesses demonstrated that Tucker had sufficient motive to murder the clerk in this case and that he entered the premises for the purpose of robbery with the intention of leaving no witnesses regardless of any alleged struggle. In addition, there was testimony that Tucker had told another individual who testified at trial about committing the 1993 robbery with McKee and that they had been captured because they had not killed the witness.

Therefore the evidence of the participation in the 1993 robbery was properly admitted to establish motive and identity and was not offered to show criminal propensity. It was of sufficient probative value to allow introduction and its probative value outweighed any potential prejudice. *Billings, supra.*

Tucker also filed a motion for a separate trial on the count of receiving stolen property which the trial judge overruled. The record shows that the trial judge correctly exercised his discretion in refusing to sever this count. "Offenses closely related in character, circumstance, and time need not be severed." *Cardine v. Commonwealth,* Ky., 623 S.W.2d 895 (1981); RCr 6.18; RCr 9.16. The crimes charged were connected as to the times the offenses occurred, that the circumstances of the crimes were interrelated, and that the character of the offenses involved thefts and Tucker's lack of funds and need for money. The evidence pertaining to the stolen license plate would have been admissible at trial to prove Tucker's motive and identity in the murder and robbery charges. *Rearick v. Commonwealth,* Ky., 858 S.W.2d 185 (1993). The circuit judge properly concluded that Tucker would suffer no undue prejudice if all three counts were tried together. *Spencer v. Commonwealth,* Ky., 554 S.W.2d 355 (1977).

References at trial to Tucker driving a car with an improper sticker on the license plate and driving on a suspended license were not objected to at trial and are therefore unpreserved for appellate review. *West v. Commonwealth, supra;* RCr 9.22.

There was no pretrial suppression motion on the marijuana issue. Rather, Tucker precipitated the introduction of this evidence. In an effort to discredit their testimony on direct, on cross-examination of two witnesses, the defense sought to introduce testimony that marijuana was found in the victim's car in the Pedro McKee incident. As a trial tactic, the defense also agreed to stipulate to Tucker's admission during the McKee trial that he and McKee had been smoking marijuana prior to the robbery, indicating that the marijuana may have been theirs rather than the victim's.

Tucker cannot now complain about the introduction of evidence on the matter. The defense endeavored to impeach the prior victim's credibility with evidence of marijuana possession. Where a witness has been impeached, the party introducing him may introduce evidence to corroborate his testimony or support his credibility. *Sallee v. Ashlock,* Ky., 438 S.W.2d 538 (1969). Consequently, there was no error in the Commonwealth's introduction of evidence to show that the marijuana found in the previous victim's car may have belonged to McKee or Tucker, and not the victim.

The evidence of Tucker's child support arrearage which was introduced at trial related to his motive to rob. Introduction of evidence that Tucker owed a substantial amount of back child support was admissible. KRE 404(b)(1). Moreover, because Tucker raised no objection to this evidence at trial, the matter is unpreserved for appellate review. *West, supra;* RCr 9.22.

The judgment of conviction is affirmed.

GRAVES, KING and LAMBERT, JJ., concur.

STEPHENS, C.J., concurs in result only.

STUMBO, J., dissents by separate opinion.

Prior to his death on January 27, 1996, REYNOLDS, J., considered the majority opinion herein and concurred. Rendition was delayed only by normal administrative procedures.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. I believe it was error to admit the testimony in regard to the John Dix robbery under the guise of establishing motive or identity. The prejudicial effect of this testimony far outweighed its probative value.

The Dix robbery, about which McKee and other witnesses testified, had no similarity to the crime for which Appellant was being tried. Had the Commonwealth perhaps limited the testimony of McKee to his observa-

tion of Appellant with a gun, this testimony would have been admissible. But it was unnecessary and overly prejudicial to describe the abduction/robbery of Dix, the threats made, the use of marijuana during the crime, and other facts that simply served to tarnish Appellant's character and assure a heavy sentence.