Gregory WOODLEE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–SC–000351–MR.

Supreme Court of Kentucky.

Jan. 21, 2010.

As Modified on Denial of Rehearing
April 22, 2010.

Linda Roberts Horsman, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General, Jason Bradley Moore, Assistant Attorney General, Office of Criminal Appeals, Attorney General's Office, Frankfort, KY, for appellee.

Opinion of the Court by Justice NOBLE.

A Laurel Circuit Court jury convicted Appellant, Gregory Woodlee, of two counts of first-degree sexual abuse and of being a second-degree persistent felony offender. On appeal, he argues that the trial court erroneously admitted evidence of his prior conviction of sexual abuse, in violation of KRE 404(b). For the reasons set forth below, this Court agrees and his convictions are reversed.

## I. BACKGROUND.

Appellant met Alice Ferguson in September 2005. They began dating on and off until Alice found out that she was pregnant. She "didn't want to be tied down with anyone;" but Appellant wanted to be a father, so she gave him the opportunity. They moved in together shortly before their baby, a girl named A.L., was born in August 2006.

Alice worked as a cook at The Depot in London, Kentucky. A.L. was born prematurely and needed extra attention for the first few months of her life so Alice stayed home with her. Three months after A.L. was born, in November 2006, Alice went back to work at The Depot.

While Alice was at work, Appellant stayed home and cared for A.L. During this time, no one else lived with them; and A.L. had no babysitters other than Appellant. They lived together until Appellant

was arrested on charges unrelated to this case in March 2007.

Following Appellant's arrest, a neighbor searched on the Internet and discovered that Appellant was a registered sex offender. The neighbor printed out a flyer concerning this and gave a copy to Alice's sister, who lived nearby. Alice eventually received the flyer, which revealed that Appellant had been convicted of sexually abusing another daughter of his, B.W., when she was four or five years old. Alice was not previously aware of Appellant's prior conviction.

Alice became fearful that Appellant may have abused A.L. so she took her to the Child Advocacy Center's TLC House for an examination. The examination revealed several healed and healing tears in A.L.'s vagina. TLC House staff then contacted police, and Appellant was subsequently arrested and charged with two counts of first-degree sexual abuse.

Prior to trial, the Commonwealth filed a notice of its intent to introduce evidence of Appellant's prior sexual abuse of B.W. Appellant objected and filed a motion in limine to exclude this evidence. Ultimately, the trial court overruled Appellant's motion.

Subsequently, B.W. testified at trial that Appellant began sexually abusing her when she was four or five years old. In particular, she testified that Appellant had placed his tongue, fingers, and penis in her vagina. In her reports at the time, B.W. also stated that Appellant placed toothpaste on his penis and had her perform oral sex on him. She eventually told her grandmother, and Appellant was convicted in 2001 of first-degree sexual abuse. The Commonwealth referred to this conviction in its opening statement and closing argument, as did Alice and the neighbor who discovered the conviction during their testimony.

Dr. Crawford, of the Child Advocacy Center's TLC House, also testified. He performed an examination on A.L. in March 2007. He testified that A.L. had scars and a partially healed tear on the vestibule of her vagina, as well as multiple tears on her hymen. He testified that, in his opinion, these injuries must have been caused by something penetrating A.L.'s vagina.

Appellant presented no evidence in his defense. The jury convicted him of two counts of first-degree sexual abuse, for which he was sentenced to a total of twenty years in prison. He appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), arguing that the trial court abused its discretion when it allowed evidence of his prior sexual abuse of B.W.

## II. *Analysis.*

 The only issue on appeal is whether the evidence of Appellant's prior sexual abuse of B.W. was admissible to establish his identity as the person who abused A.L., by virtue of the similarity of the acts. The trial court's decision to admit this evidence is reviewed for an abuse of discretion. *E.g., Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999). A trial court abuses its discretion if its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.*

 Evidence of prior crimes, wrongs, or acts is inadmissible to prove the propensity of an accused; however, such evidence may be admissible to prove something else, KRE 404(b)(1), including proving identity by the similarity of the acts, *see English,* 993 S.W.2d at 945. Such evidence is admissible for this purpose if "it should indicate a modus operandi." *Billings v. Commonwealth,* 843 S.W.2d 890, 893 (Ky.1992).

"[W]hether prior sexual misconduct by a defendant is admissible [is] a difficult, fact-specific inquiry." *Clark v. Commonwealth*, 223 S.W.3d 90, 96 (Ky. 2007). To indicate modus operandi, the two acts must show "striking similarity" in factual details, *id. passim*, such that "if the act occurred, then the defendant almost certainly was the perpetrator," *id.* at 97 (quoting *Billings*, 843 S.W.2d at 893). That is, the facts underlying the prior bad act and the current offense must be "simultaneously similar *and so peculiar or distinct*," *id.* (quoting *Commonwealth v. Buford*, 197 S.W.3d 66, 71 (Ky.2006)) (emphasis added), that they almost assuredly were committed by the same person.

As the proponent of the prior bad act evidence, the Commonwealth "bore a heavy burden" to show the striking similarity of the acts. *Id.* at 97. The similarities offered here are that both acts included touching or penetration of the vagina, both girls were very young, Appellant was sometimes alone with them, he was the father of both, and the acts were close in time. These common facts are not so peculiar or distinct to show modus operandi.

First, sexual contact is, by itself, not distinctive for sexual abuse. In fact, sexual contact is an element of the crime, KRS 510.110(1)(b), and thus would be present in any such charge. Appellant's present charge and his prior bad act necessarily have "some basic similarities" because they are for the same crime and, thus, share statutory elements. *Clark*, 223 S.W.3d at 97 (quoting *Buford*, 197 S.W.3d at 71). For that reason, "conduct that serves to satisfy the statutory elements of an offense will not suffice to meet the modus operandi exception." *Id.* at 98.

Moreover, the particular manner of sexual contact here is not so peculiar or distinct as to show modus operandi. The bad act evidence showed that Appellant placed his tongue, fingers, and penis in B.W.'s vagina. The evidence in this case, from Dr. Crawford's testimony, shows only that something penetrated A.L.'s vagina. There is no evidence as to what was used, or how it was used. Facts cannot be presumed in the absence of evidence, and the only commonality shown here is that something penetrated both victims' vaginas. This cannot be said to be peculiar or distinct for this sort of crime. Penetration is present in all rape charges, as is sexually touching in all sexual abuse charges. And "it is not the commonality of the crimes but the commonality of the facts constituting the crimes that demonstrates modus operandi." *Id.* at 97 (quoting *Dickerson v. Commonwealth*, 174 S.W.3d 451, 469 (Ky.2005)).

Second, although it is true that both victims were very young, the *difference* in their age actually cuts against establishing modus operandi. Appellant's prior bad act involved a victim who was four or five years old at the time of the sexual abuse. Here, the victim was no more than six months old. The four- or five-year-old child could and did engage in participatory sexual behavior with Appellant, whereas the infant could not and did not.

The prior bad act evidence showed that, among other things, Appellant placed toothpaste on his penis and had the victim perform oral sex on him. Clearly, an infant could not perform oral sex, or otherwise participate in the sexual activity. This lack of participatory or reciprocal ability of the infant is a strong point of dissimilarity, as the basic nature of the abuse is so different—participatory versus passive. The prior conviction suggests that Appellant's modus operandi, if he had one, was to demand participatory behavior from his victims in a like manner, something which he plainly could not do here.

Third, it is not peculiar or distinct that Appellant was alone with both victims when he allegedly abused them. In fact, it would seem very peculiar or distinct indeed for a perpetrator to commit sexual abuse *without* being alone with the victim. *Cf. id.* at 92, 99. Virtually all sexual offenses occur when the perpetrator and victim are alone.

Fourth, the strongest factor supporting modus operandi is that Appellant is the father of both victims; but this is insufficient without more. This is the only common fact that is arguably so peculiar or distinct that it identifies Appellant as the perpetrator. However, merely being the victims' father does not so identify him. And in light of the key difference in the basic nature of the abuse—participatory versus passive—this commonality cannot be said to carry the Commonwealth's "heavy burden" to meet the modus operandi exception.

■ Last, the closeness in time between the two crimes is not relevant in this analysis. As this Court has previously stated, "[t]emporal remoteness goes to the weight, *not the admissibility,* of the prior bad acts evidence." *Id.* at 100 (emphasis added, citing *English,* 993 S.W.2d at 945). In other words, this is a factor to be considered "when balancing the probative value of [the bad act evidence] and the undue prejudice it caused" under KRE 403, but not when determining the threshold modus operandi question under KRE 404(b). *Id.*

The only way to identify the Appellant as the perpetrator in this case is to conclude that because he did it before, he must have done it this time. This is the very type of propensity presumption that is forbidden by our rules of evidence because it is obviously prejudicial without being truly probative. Perhaps the use of toothpaste before oral sex, as Appellant had done in his prior conviction, could

establish modus operandi if there were evidence that it had occurred here too. Commonality of that sort is lacking here.

■ The modus operandi exception requires acts that mark the crime as that of a specific person who may be unknown until caught, but who is identified by the distinctive nature of his or her acts. Examples include well-known criminals such as Jack the Ripper; the BTK (bind, torture, kill) strangler; and the Unabomber. By their distinct criminal methods, each of them signed off on their crimes. While modus operandi may not require commonalities as blatant as those listed above, there must be some peculiar or distinct commonalities that show that the crimes were committed by the same person. *Id.* While Appellant had the opportunity to commit the crime here, there is no peculiar or distinct set of facts showing that it must have been him. All we garner from the prior conviction is that he has the propensity to commit this type of crime, and so he must be guilty of committing it again.

Unlike our rules, the Federal Rules of Evidence (FRE) specifically make evidence of prior acts of child molestation admissible in subsequent child molestation cases. FRE 414(a). This rule expressly allows propensity evidence in these cases, making an exception to FRE 404(b). Kentucky has no similar rule; and KRE 404(b), as currently written excludes bad acts evidence absent an exception such as modus operandi. The Kentucky Rules of Evidence were most recently amended in 2007, and the rules committee did not recommend, nor did this Court adopt, the exception to propensity evidence set forth in FRE 414(a), which has been effective in federal courts since 1995.

■ Under current Kentucky law, propensity evidence remains inadmissible even in child sex abuse cases. Our law on

this point is well established, and the trial court's reading of the modus operandi exception is so broad that it swallows the rule. As this Court has previously stressed, KRE 404(b) is "exclusionary in nature"; and, as such, "any exceptions to the general rule that evidence of prior bad acts is inadmissible should be 'closely watched and strictly enforced because of [its] dangerous quality and prejudicial consequences.'" *Clark,* 223 S.W.3d at 96 (quoting *O'Bryan v. Commonwealth,* 634 S.W.2d 153, 156 (Ky.1982)).

In short, the prior bad act and the current charge are not simultaneously similar and so peculiar or distinct as to be admissible under the modus operandi exception to KRE 404(b). The "fundamental demands of justice and fair play" require that Appellant "be tried for only the crimes for which he was charged." *Id.* at 101. For that reason, the trial court abused its discretion by allowing evidence of Appellant's prior offense. Given the "universal agreement that evidence of this sort is inherently and highly prejudicial," *Bell v. Commonwealth,* 875 S.W.2d 882, 890 (Ky.1994), this error was not harmless. Appellant's convictions are therefore reversed.

### III. *CONCLUSION.*

For the foregoing reasons, the judgment of the Laurel Circuit Court is reversed; and the case is remanded to the Laurel Circuit Court for further proceedings consistent with this opinion.

All sitting. MINTON, C.J.; SCHRODER and VENTERS, JJ., concur.

ABRAMSON, J., concurs in result only.

CUNNINGHAM, J., dissents by separate opinion in which SCOTT, J., joins.

CUNNINGHAM, Justice, dissenting.

I respectfully dissent.

The sexual molestation of small children, especially one's own, is such an aberration of human nature that, in my opinion, it constitutes a signature crime. Appellant was previously convicted of sexually abusing his four-year-old daughter. He stood trial in this case for two counts of sexually abusing his infant daughter. These crimes show striking—even shocking—similarity and are "peculiar or distinct." The sexual attacks upon his four-year-old and upon his infant daughter were relatively close in time. The infant victim of this crime has neither the ability nor the means to communicate the appalling acts perpetrated upon her. Therefore, the utilization of Appellant's past sexual wrong doing upon his daughter provides critical and damning evidence on behalf of the hapless baby. I would affirm the conviction.

SCOTT, J., joins this dissent.