J.D. DAVIS, Appellant,

v.

CITY OF WINCHESTER; Bobby W. Stone; Wayne Babb; Mary Chenault; Harvey Craycraft; Shannon Stone, Appellees.

No. 2004–SC–0820–DG.

Supreme Court of Kentucky.

Sept. 21, 2006.

Charles W. Curry, William C. Jacobs, Lexington, Counsel for Appellant.

Jeffrey C. Mando, Jason Charles Kuhlman, Adams, Stepner, Woltermann & Dusing, PLLC, Covington, Shelby C. Kinkead,

Jr., Kinkead & Stiltz, PLLC, Lexington, Counsel for Appellee.

Opinion of the Court by Justice GRAVES.

Appellant, J.D. Davis, brought an action alleging unlawful arrest, excessive use of force, and malicious prosecution. Appellees are the City of Winchester, police officers with the Winchester Police Department, the Clark County Jailer, and two deputy jailers. A Clark Circuit Court jury found in favor of Appellees on all claims. The Court of Appeals affirmed, and we granted review.

On October 5, 1996, Appellant was confronted by two plainclothes police officers, Appellees Craycraft and Stone. The officers testified that Appellant was manifestly intoxicated. Appellant was accompanied by a friend, Terry Saylers, and the two men were engaging in a loud, profanity-laden conversation. Appellant asked to see the officers' identification. At this point, the officers testified that they showed Appellant their badges and that Appellant continued to be loud and belligerent. When Appellant struck one of the officers with a closed fist, they grabbed Appellant, held him to the ground, and subdued him. Appellant testified that he did not swing at the officer, but was tackled after he asked for the officer's identification. He testified that he broke his thumb when he was tackled, and that the Clark County jailer would not treat his injury, contact his doctor, or give him his prescribed medications.

## I. *Batson* Objection

■ Appellant claims that the trial court committed a *Batson* violation when it allowed Appellees to strike two black jurors without articulating a race-neutral explanation. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, (1986).

Appellant failed to raise his objection until after the jury was sworn in and the remaining members of the panel were dismissed, even though he had an opportunity to do so. *Simmons v. Commonwealth*, 746 S.W.2d 393 (Ky.1988) (*Batson* challenge is untimely where it is not raised before the swearing of the jury and the discharge of the remainder of the panel); *Cf. Washington v. Commonwealth*, 34 S.W.3d 376, 378 (Ky.2000) (preserving error where Commonwealth's failure to inform the trial court that it used a preemptory strike on a black juror denied defendant his opportunity to raise a timely *Batson* objection). Thus, we decline to review this argument because it is not properly preserved.

## II. Evidence of Dismissed Charges

Appellant argues that the trial court erred when it precluded him from introducing any evidence that the criminal charges against him had been dismissed. Appellant claims that he was entitled to introduce this evidence because one of the elements of his malicious prosecution claim is proof that the prior proceedings terminated in his favor. *Raine v. Drasin*, 621 S.W.2d 895 (Ky.1981) (discussing the six elements of a malicious prosecution claim).

Appellee City of Winchester filed a *motion in limine* seeking to exclude evidence that the criminal charges against Appellant had been dismissed. Appellee alleged that the evidence violated KRE 401 and KRE 403 because it was not relevant and overly prejudicial with regard to the issue of whether the police had probable cause to make an arrest. Prior to the start of trial, the trial judge sustained Appellees' motion. After the trial court's order of record sustaining the *motion in limine*, Appellant entered his objection to the trial court's order and the parties engaged in a brief exchange regarding the effect the order had on Appellant's case. During

this exchange, Appellees argue that Appellant essentially waived his objection to the *motion in limine* by accepting a stipulation which relieved him of the obligation to prove an essential element of his case. We reject Appellees' claims, finding that Appellant's actions had no such effect.

■ Initially, we note that Appellant's objection to the *motion in limine* and the trial court's order of record sustaining the motion was sufficient to preserve the issue for review. KRE 103(d). We also do not believe, as the Court of Appeals held, that Appellant's acquiescence to the trial court's decision to eliminate Appellant's burden to prove one of the essential elements of his claim somehow waived Appellant's objection to the motion itself or was otherwise a valid stipulation. Although the trial court's action had the effect of a stipulation, neither the trial court nor the parties ever characterized Appellant's acquiescence as a stipulation, and a stipulation of fact was not filed or submitted to the jury. *See e.g., Kentucky Farm Bureau Mut. Ins. v. McKinney*, 831 S.W.2d 164 (Ky.1992) (illustrating a "Stipulation of Facts" agreement); *Hodge v. Commonwealth*, 17 S.W.3d 824 (Ky.2000). Accordingly, we reject Appellees' argument that Appellant's objection to the *motion in limine* was not preserved or somehow waived.

■ Regarding the merits of the case, we have held in criminal cases that the Commonwealth has a right to prove each element of its case by competent evidence of its choosing. *Johnson v. Commonwealth*, 105 S.W.3d 430, 438–39 (Ky. 2003); *Barnett v. Commonwealth*, 979 S.W.2d 98, 103 (Ky.1998), *see also Harris v. Commonwealth*, 134 S.W.3d 603, 608

(Ky.2004) (trial court erred in sustaining Commonwealth's *motion in limine* to exclude evidence where the exclusion interfered with defendant's Due Process right to present a defense). A defendant may not unilaterally stipulate away from the jury's consideration parts of the case that he does not want the jury to see. *Johnson, supra; Barnett, supra.*

We believe that the same right to present competent evidence of each element of one's claim exists in a civil action, and the trial court's denial of that substantial right in this case was reversible error. A plaintiff is required to prove six elements of a malicious prosecution claim. *Raine, supra.* By granting the *motion in limine*, the trial court erroneously allowed Appellees to unilaterally stipulate away from the jury's consideration an entire element of Appellant's case, as it prohibited Appellant from introducing any evidence to prove the termination of prosecution element of his claim. The trial court reasoned that this evidence could be improperly utilized for the purpose of proving that the police officers lacked probable cause to make an initial arrest. However, a more appropriate remedy would have been to issue a limiting instruction addressing this concern.[1] A trial court cannot outright preclude a party from introducing evidence to prove an element of his claim on the grounds that such evidence may be prejudicial with regard to another issue.

For the reasons set forth herein, the Court of Appeals' opinion is affirmed, in part, and reversed, in part, and the case is remanded for a new trial on Appellant's malicious prosecution claim.

LAMBERT, C.J., GRAVES, MCANULTY, and SCOTT, J.J. concur.

---

1. Appellee did not request a limiting instruction, and a trial court is not obligated to give a limiting instruction *sua sponte. Ernst v.* *Commonwealth*, 160 S.W.3d 744, 759–60 (Ky. 2005).

ROACH, J., dissents by separate opinion which MINTON and WINTERSHEIMER, J.J., join.

ROACH, Justice, dissenting.

Because Appellant's attorney waived his objection to the trial judge's decision barring evidence of the dismissal of the underlying criminal charges against him by approving the judge's overall remedy, I respectfully dissent.

As the majority notes, the City of Winchester filed a motion in limine to exclude any evidence that the charges against Appellant had been dismissed. Just prior to trial, the trial judge addressed the motion at a short bench conference, which the majority describes as consisting of the trial court's oral "order of record" followed by the Appellant's "objection to the trial court's order ... and a brief exchange regarding the effect the order had on Appellant's case." *Ante* at 918. Unfortunately, this description of the bench conference fails to present a complete picture of the exchange, particularly the fact that the discussion ended with Appellant's attorney agreeing to the trial judge's disposition of the motion.

The following is a transcript of the bench conference. The speakers are Jeff Mando, attorney for the City of Winchester; Bill Jacobs and Charles Curry, attorneys for Appellant; and the trial judge:

Judge: I know there was a motion in limine filed on Friday. Do you want to address that?

Mr. Mando: Yes, sir. We can do it now or after the jury's picked, whichever your preference would be.

Judge: Well, we could do it after the jury's picked as long as no reference as to the disposition of the charges is made during the jury selection.

Mr. Jacobs: That makes a problem for me on voir dire.

Mr. Mando: Okay, then I guess we need to address it.

Judge: I've looked at the motion and I'm sustaining the motion.

Mr. Jacobs: Could I respond to that?

Judge: Yes, sir.

Mr. Jacobs: One of our claims, as you know, is that for malicious prosecution. And one of the elements of malicious prosecution is a favorable outcome in court. It's an element of our claim. We have to put it on.

Judge: All right. Well, I'm sustaining the motion. I don't think that—you know, that opens up an entirely different direction. You call the trial judge and ask him why he dismissed these charges whether because somebody owed somebody a favor, you know, who knows.

Mr. Curry: Probable cause on a felony.

Mr. Jacobs: Then, your honor, that has the effect of dismissing our malicious prosecution claim. Is that what your ruling is?

Judge: Well, I'm not going to allow you to introduce evidence of the dismissal of charges.

Mr. Curry: Judge, one of the—in District Court if you—I did subpoena the record, and I hope it's here, but one of them was a felony and it was probable cause hearing and he dismissed it, which I think has to operate as a finding of no probable cause.

Judge: Well, I think the malicious prosecution is a fact that he had to appear in court to enter the charges and the ultimate disposition is not relevant one way or the other.

Mr. Jacobs: It is the—there are only two elements of malicious prosecution I know of. One of them is a total absence of probable cause to bring, to prosecute, to bring the [unintelligible word], whether civil or criminal, and the other ele-

ment is you have to win. And if we can't prove we didn't win, that's the end of our malicious prosecution case.[1]

Judge: Well, I'm not going to make that an element. I'm not going to make you prove that. By them making a motion in limine to prohibit introduction of the outcome, I'm not going to make you prove the element that he had a favorable disposition in order to get the malicious prosecution claim to the jury.

Mr. Jacobs: *That suits me.*

(Emphasis added.)

The outcome of this case depends on a careful assessment of the entire discussion regarding Appellees' motion in limine, in particular the meaning of Mr. Jacobs's statement, "That suits me." Curiously, the majority opinion refuses to engage in such analysis and fails even to discuss the specific statement in question. But it is clear that in making that statement, Mr. Jacobs waived his objection because, at least at the time, he was pleased with the outcome and agreed to the judge's remedy.

A stark transcript of the bench conference simply cannot convey Mr. Jacobs's enthusiasm as he responded to the judge's statement that he was "not going to make [Mr. Jacobs] prove the element that he had a favorable disposition in order to get the malicious prosecution claim to the jury." Fortunately, the record in this case includes a video recording of the bench conference in question. In the video, as soon as the judge said he would not require proof of the favorable outcome element, Mr. Jacobs's face brightened in obvious satisfaction and he said, "That suits me." Mr. Mando, toward whom Mr. Jacobs had turned in making the statement, also nodded in agreement. Unlike the transcript produced above, which reveals

little about the demeanor of the speakers, the video of the bench conference is a testament to Mr. Jacobs's unabashed exuberance upon hearing the trial court's ruling is readily apparent in the video of the bench conference. That enthusiasm makes clear that Mr. Jacobs was not merely acquiescing to the trial judge's ruling. Rather, he was agreeing to and approving the trial judge's remedy.

The majority also fails to note that Mr. Jacobs's response—his tacit approval of the judge's resolution of the motion in limine—made sense strategically. By not requiring Appellant to prove a favorable outcome below, the judge relieved him of a significant portion of his burden of proof. In so doing, the judge arguably made Appellant's case *easier* to prove. This is, no doubt, the source of Mr. Jacobs's enthusiasm as he agreed to the judge's ruling. That Mr. Jacobs had a readily-identifiable, practical reason to be pleased by the trial court's ruling simply underscores my conclusions about the nature of his statements: Mr. Jacobs received a remedy that, at least at the time, he was satisfied with.

None of this is to say that I disagree with our recent jurisprudence that applies the plain language of KRE 103(d) and allows a motion in limine to preserve an error. *See Lanham v. Commonwealth,* 171 S.W.3d 14, 21 (Ky.2005) (overruling *Tucker v. Commonwealth,* 916 S.W.2d 181 (Ky.1996) and applying KRE 103(d) as written). The majority opinion has framed the issue here as a question of pure error preservation under KRE 103(d) and has held that Appellant's claim of error was preserved by his initial objection to his opponent's motion in limine since that mo-

---

1. Mr. Jacobs no doubt misspoke here since a favorable disposition on the underlying charge is an element of the tort. He likely meant to say, "And if we can't prove we did win, that's the end of our malicious prosecution case."

tion was resolved by an order of the trial court. But the transcript and videotape recording, when considered as a whole, belie this characterization of what happened.

Presumably, the majority is construing the judge's cursory statement, "I'm sustaining the motion," at the beginning of the bench conference as the order resolving the motion in limine. But this ignores the fact that Appellant's attorney, Mr. Jacobs, continued to address the matter, and, most importantly, that the substance of the judge's order evolved over the course of that discussion. Viewed in context, the judge's initial statement was simply a springboard for the discussion that ultimately led to the trial court's resolution of the issue, namely that Appellant could not introduce evidence of a favorable outcome, but that he would not have to prove that element to succeed in his claim.

Where an attorney's response to such a ruling is one of hearty and unequivocal approval, as was the case here, I simply cannot read the earlier motion in limine and objection as having preserved the error because there is no claim of error to preserve. In such a case, the attorney has *approved* the judge's action, thereby waiving any earlier claim of error. For this reason, I respectfully dissent.

MINTON and WINTERSHEIMER, JJ., join this dissenting opinion.